## PETER R. LEONARD, Plaintiff in Error, *v.* ADMINISTRATOR OF JOHN VILLARS, Defendant in Error.

### ERROR TO VERMILLION.

The wife of a mortgagor, who has joined in the execution of the mortgage, is a necessary party to a proceeding in equity to foreclose.

It is error to allow compound interest.

THE record in this case shows that John Villars, on the fifth day of May, 1856, filed his bill in the Circuit Court of Vermillion county, setting forth that Peter R. Leonard had executed to him four promissory notes, dated May 26th, 1854, for the sum of $700 each, bearing interest at the rate of ten per cent. per annum, and the interest to be paid annually in advance, and that the first year's interest was paid in advance, on the execution of the notes; that the principal of said notes was made payable in one, two, three and four years, respectively, after the date thereof.

Bill further sets forth the execution of a mortgage on certain real estate by Peter R. Leonard, and Sarah R. Leonard, his wife, to secure the payment of said notes—real estate alleged to be the property of Leonard.

Bill further charges that Leonard had failed to pay the principal of the note which became due May 26th, 1855, and the interest thereon then due, and also, had failed to pay the annual interest on the other three notes due May 26th, 1855.

Bill prays that Peter R. Leonard be made defendant, and prays a foreclosure of mortgage, and general relief.

At May term of the court, Davis, Judge, presiding, A. D. 1856, a decree was rendered by the court upon the default of the defendant to answer. Decree sets forth: "And it further appearing to the court, from an inspection of said notes, that there was due for interest on said promissory notes, on the 26th day of May, 1855, (the interest being at ten per cent., and to be paid annually in advance), the sum of $280, which, with $16.80, being six per cent. interest on said sum of $280 to rendition of this decree, and the additional sum of $140 for interest in advance on two last notes, would make the sum for interest now due amount to $436.80. And it further appearing to the court that said Leonard has failed to pay any of the installments of said mortgage, as they fell due, or any portion of said interest, and that when this bill in chancery was filed, and suit commenced, that the first promissory note had been long over due, and it now appearing at the date of the rendition of this decree, (28th May, 1856,) that the second note is now over due, and the court finding, from computation, that there is now due to said Villars, on the security of said mortgaged premises, for principal sum, fourteen hundred dollars, and the additional sum of $436.80 for interest, making in all the sum of $1,836.80, now due, etc."

Decree then requires defendant to pay the same in twenty days, and in default, that the mortgage property be sold, etc.

Decree further provides, that in case the property sold be not redeemed according to law, the master execute a deed or deeds to the purchaser; that whenever such purchaser, or his assignee, shall notify in writing, the said defendant in possession, that such deed has been executed, the defendant shall deliver the possession, and in default of such possession being delivered, the clerk shall issue a writ of *habere facias* to the sheriff, etc.

The defendant below brings the case here by writ of error, and the plaintiff below having died, his administrator is made defendant in error.

Errors assigned are:

1st. The court erred in rendering the decree, because the

proper parties were not before the court.   The wife of plaintiff in error was a necessary party.

2nd.   The court erred in decreeing against plaintiff compound interest, without any express stipulation for the same, and in decreeing interest on interest.

3rd.   The court erred in decreeing the foreclosure of the mortgage for an installment which was not due when the bill was filed, and when there was no amended or supplemental bill, and no allegation in the bill or cause, that said installment had become due and was unpaid, and the defendant had no opportunity of alleging or proving that said second installment had been paid.

4th.   The court erred in decreeing possession of the land to be delivered, and decreeing a right of possession, without any prayer in the bill for that relief.

S. T. LOGAN, M. HAY, and G. T. PIERSON, for Plaintiff in Error.

LINCOLN, for Defendant in Error.

WALKER, J.   The first question presented by the assignment of errors on this record is, whether the wife, who was a party to the mortgage, was a necessary party to this bill.   When she became a party to the mortgage, it was for the purpose of barring her right of dower in the mortgaged premises.   When she acknowledged the execution of that instrument, for the relinquishment of that right, it could only have that effect upon a foreclosure of the equity of redemption.   A default in the payment of the money, to secure which the mortgage was executed, did not operate any more to bar her right of dower than it did her husband's equity of redemption.   Until the right of redemption is barred by foreclosure, her right to redeem her dower in the lands, from the mortgage, whenever her right of dower should be vested by her husband's death, still remains.   That it is a contingent interest, can make no difference, as her acknowledgment of the mortgage, only operates as an absolute release of her right of dower in the premises, when it is followed by a foreclosure of her equity of redemption.   The absolute relinquishment, is contingent upon the foreclosure.

It was expressly held by this court, in a proceeding to foreclose a mortgage by *sci. fa.*, that the wife joining in its execution is a necessary party.   The court say, she was one of the mortgagors, and it was necessary, to foreclose her equity of redemption and right of dower, that the judgment should be rendered against her.   *Gilbert* v. *Maggord*, 1 Scam. 471.   A court of equity can have no greater right to bar the right of redemption

of parties not before the court, than a court of law. A decree which should attempt to deprive her of these rights, unless she were a party to the record, and properly before the court, could not bind her any more than would a decree against any other person over whom the court has no jurisdiction. The court below, therefore, erred in rendering the decree until all proper parties had been brought into the case.

It is also insisted that the court erred in allowing compound interest, and interest upon interest not then due. To compute interest upon interest after its maturity, has, by all courts, whether exercising equity or common law jurisdiction, been held to be compound interest, and in violation of law. This question is one that has been frequently presented, and it is believed, as uniformly held to be unauthorized. We are not aware of any well considered case, which has held that there is an implied legal or moral obligation to pay interest upon unpaid interest, after its maturity. The court below erred in computing interest upon the interest, after it fell due. And there can be no pretense in justice or law for allowing interest on interest not due, and which has not been withheld, and which the payee has no right to demand. If, by the terms of the agreement, the deferred payments became due, upon the breach of some condition or stipulation in the contract, and before the time had arrived when the payment of the interest could be demanded, even if interest were authorized to be charged upon unpaid interest, we can neither see the reason or justice of allowing interest to be computed upon the accruing interest, before the principal sum became due by the forfeiture. Such a rule would be oppressive, and could have no claims upon the chancellor for allowance.

For these errors, the decree of the court below must be reversed, and the cause remanded.

*Decree reversed.*