# WILLIAM H. CUMMINGS *et al.*

## *v.*

# THE PEOPLE OF THE STATE OF ILLINOIS, for the use of JERSEY COUNTY.

1. RETURN UPON PROCESS—*date of service.* The date appearing in the officer's return upon process will be held to be the day of the service.

2. PARTIES DEFENDANT—*in suit on joint and several obligation.* On a joint and several obligation executed by more than two persons, one may be sued, or all, but not an intermediate number.

3. PLEADING—*of the declaration where one of the co-obligors is dead.* If one of the joint obligors be dead, it is not necessary to notice him in the declaration, nor need the survivors be declared against as such, but they may be sued as if they alone were primarily liable.

4. SAME—*non-joinder of defendants—how availed of.* If one of the co-obligors be not named in the declaration, those who are sued may plead the fact in abatement; and to such a plea the plaintiff could reply, that such co-obligor was dead before the commencement of the suit.

5. If the fact that another person had executed the obligation with those who are sued, is disclosed in the declaration, it is not necessary to plead the

non-joinder of such other person in abatement, but the defect in the declaration arising from the non-joinder may be reached by general demurrer, or by motion in arrest of judgment, and may be availed of on error.

WRIT OF ERROR to the Circuit Court of Jersey county; the Hon. CHAS. D. HODGES, Judge, presiding.

The facts in this case are presented in the opinion.

Messrs. WOODSON & WITHERS, and Mr. JAMES W. ENGLISH, for the plaintiffs in error.

Messrs. PINERO & HERDMAN, for the defendants in error.

Mr. CHIEF JUSTICE BREESE delivered the opinion of the Court:

This was an action of debt in the Jersey Circuit Court, on a sheriff's bond. The declaration avers there were five obligors to the bond, the sheriff, Cummings, and four sureties, namely: Philip Pennington, William Argo, John R. Black, and Robert Gardner. No process was issued against William Argo. Summons was duly served on the others named, except Pennington, and a regular default taken against them for want of appearance and plea, and a *scire facias* ordered against Pennington.

Judgment was rendered for the penalty of the bond, to be discharged on payment of damages, which were assessed by the court.

To reverse this judgment, the defendants bring the record to this court by writ of error, and make the point, first, that there was no sufficient service of process, as to any one of the defendants, except Cummings, the principal.

This objection is not well taken. The return shows service on Cummings, October 3, 1867, and is signed " C. H. Bowman, sheriff, by James McKinney, deputy," and on Black and Gardner on the 4th day of October, 1867, and is signed " C. H. Bowman, sheriff, by Jas. S. Blythe, deputy."

Wherein the service is defective, we are at a loss to perceive. The cases cited in support of the objection were reviewed by this court, in *Cariker* v. *Anderson*, 27 Ill. 358, and *Funk* v. *Hough et al.*, 29 ib. 145, and the rule there established, that the date appearing in the return shall be held to be the day of the service. The case of *Bletch* v. *Johnson*, 35 ib. 542, also cited by plaintiff in error, relates to the service of a copy of a declaration in ejectment, wherein no month was named in which the copy was left, so that it could not be seen the defendant had due notice of the action.

The next objection is, that as the bond in suit was a joint and several bond, suit should be brought against all the obligors, or against each co-obligor severally, and not against an intermediate number.

There is no averment in the declaration that Argo was dead at the time of the commencement of the suit. The rule is, if one of the joint obligors be dead, it is not necessary to notice him in the declaration, nor need the survivors be declared against as such, but they may be sued, as if they alone were primarily liable. 1 Ch. Pl. 43. To the same effect is *Richards* v. *Heather*, 1 Barn. and Ald. 29, and *Moss* v. *Petrie*, 15 Wend. 318. The reason is obvious. The rule being that on a joint and several obligation, executed by more than two persons, one may be sued, or all, but not an intermediate number; therefore, if one of the co-obligors be not named in the declaration, those who are sued may plead the fact in abatement. To such a plea the plaintiff could reply, that such co-obligor was dead before the commencement of the suit, as that would be a matter *in pais*.

It is averred, in this declaration, that Argo executed the bond as one of the sureties; but defendants in error say, in the brief of counsel, that he was dead at the time the suit was commenced. If this was so, then it should not have been alleged in the declaration that he executed the bond, but having alleged it the question is presented, is not the declaration defective by reason of his non-joinder in the action, and

cannot advantage be taken of it by motion in arrest of judgment, or on error?

The defendants in error contend that, though Argo might be living, and should have been made a party, it is too late now to make the objection—it should have been made by plea in abatement, and cannot be raised on error.

It is admitted, if the defendants in error had not alleged in their declaration that the defendants therein, together with Argo, executed the bond, the defendants would have been required to plead his non-joinder in abatement. But the fact appears on the face of the declaration; a plea, therefore, was not necessary to bring it before the court. Why inform the court by plea of a fact which the plaintiff himself places on the record? This defect in the declaration could have been reached by general demurrer, or by motion in arrest of judgment, and can now be availed of on error.

Plaintiffs, by their own showing, inform the court there is another joint obligor, who has not been joined in the action; it was patent of record, and no plea was necessary to bring the fact before the court. 1 Ch. Pl. 46; 2 Saunders 9, note 10 to the case of *Jefferson* v. *Morton et al.; Cobell* v. *Vaughan*, 1 ib. 291, in note; *Whitaker* v. *Toney*, 2 Cowen, 569; *Homer* v. *Moor*, 5 Burrow, 2614; *Leftwick* v. *Berkley*, 1 Hen. & Munf. 61; *Newell* v. *Wood*, 2 Munf. 555; *Harwood et al.* v. *Roberts*, 5 Maine, 441.

The rule is well settled that matters *in pais* only, need be pleaded. This was matter of record.

This record shows a joint and several bond executed by five persons, four of whom are sued. This appearing on the face of the declaration, the case is brought within the principle of the cases above cited, and about which there can be no doubt.

For this error the judgment must be reversed.

*Judgment reversed.*