# JOHN BARKER *et al.*

*v.*

# THE INTERNATIONAL BANK OF CHICAGO.

1. DEED OF TRUST—*right of purchaser.* The owner of land executed a note payable to his own order, and indorsed it and delivered it to another, and at the same time executed a deed of trust to secure its payment, for $25,000. The indorsee turned the note over to a banking house as collateral security for $14,000, borrowed of them by him. Before the maturity of the note, the party executing the deed of trust conveyed the land by general warranty deed to A, for the consideration of $103,000, $78,000 of which was paid by canceling that amount of the indebtedness of the indorsee of the $25,000 note, and $25,000 more of such indebtedness was to be canceled when said note was paid, and the lien of the deed of trust given to secure it was removed from the land. When the $25,000 note became due, another bank, with which the indorsee of the note had an account, advanced the $14,000 which he had borrowed on the note, and took it as collateral security for the amount so advanced and for all indebtedness due to it from such indorsee, which exceeded the whole amount of the note: *Held,* on a bill to foreclose the deed of trust, that even if the note was accommodation paper, yet, as it was treated by the maker, at the time he conveyed to A, as a valid incumbrance on the land, his grantee, A, was in no position to defeat the lien, and that the bank had the right to foreclose the deed of trust for the full amount of the note, as against A.

2. INTEREST—*mode of computing.* In rendering a decree for the amount due on a promissory note, it is error to compute interest on the note to the time of its maturity and add it to the principal, and then compute interest on the gross amount from the maturity of the note to the time of rendering the decree. The proper mode of computing interest is, when there have been no payments, to compute from the time the note begins to draw interest up to the time of rendering the decree.

WRIT OF ERROR to the Circuit Court of Cook county; the Hon. E. S. WILLIAMS, Judge, presiding.

Messrs. HOWE & RUSSELL, for the plaintiffs in error.

Messrs. ROSENTHAL & PENCE, for the defendant in error.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was a bill, brought by The International Bank of Chicago, to foreclose a deed of trust on certain lands in Cook county.

The land originally belonged to Henry H. Walker, who, on the 16th day of January, 1868, made a promissory note, payable in eighteen months, to the order of himself, for $25,000, with interest at the rate of six per cent, which he indorsed and delivered to Samuel J. Walker.

On the same day he executed and delivered to Henry Waller, trustee, a trust deed, in which he conveyed the premises to him to secure the payment of the note, which was duly recorded on the 6th day of March, 1868.

The note secured by the trust deed, Samuel J. Walker at once turned over to Greenebaum & Foreman, bankers, to secure a loan of $14,000 which he obtained of that firm.

On the 15th day of April, 1868, Henry H. Walker conveyed the premises, by general warranty deed of conveyance, to James M. Walker, the consideration named in the deed being $103,000.

Samuel J. Walker was indebted to S. Sturges' Sons, and they were creditors of Barker & Haskell. This last conveyance, as between the Walkers and S. Sturges' Sons, seems to have been an absolute sale upon making the deed. Seventy-eight thousand dollars of indebtedness from Samuel J. Walker to the Sturges' was canceled, and $25,000 more was to be canceled when the deed of trust for $25,000 should be paid and discharged, but as between the Sturges' and Barker & Haskell, the conveyance was to be regarded as security for debts due from the former to the latter.

After the $25,000 note became due, the International Bank advanced the $14,000 for which it was pledged to Greenebaum & Foreman, and took the note as security for the money so advanced, and also as security for all indebtedness due from Samuel J. Walker to the bank.

7—80TH ILL.

It also appears that the general indebtedness of Walker to the bank was, and still is, greater than the amount of the $25,000 note and accrued interest. ·

The right of the bank to foreclose the deed of trust for the $14,000 advanced to Greenebaum & Foreman, for which it was originally pledged, is not denied, but it is contended that as the bank received the note after Henry H. Walker had conveyed the premises, it can not hold it as security against Walker's grantee for the general indebtedness due from Samuel J. Walker to the bank.

The note in question, under the evidence, can not be regarded as accommodation paper in the technical sense that term is used. It is true, Samuel J. Walker says, when the note was given him by Henry Walker he was to protect it, but at the same time he testifies, "that the property in question was purchased in 1864 or 1865; I had made payments on the land, and this was the way I had of getting back what payments I had made upon it, realizing money upon that and other things."

If it be true, as this evidence tends to show, that H. H. Walker was indebted to Samuel J. Walker, on account of previous advances made in the purchase of the land, and the note was given for pre-existing indebtedness, such would be a valid consideration for the note.

If, therefore, the note was not strictly commercial accommodation paper, but was given for a valuable consideration, the record discloses no legal defense that Henry H. Walker, the maker, could interpose to defeat its collection.

It will, however, be observed that Walker, the maker of the note, makes no defense to the foreclosure of the deed of trust and the collection of the debt by a sale of the premises.

The question, then, is, whether Sturges and Barker & Haskell, who claim as grantees of Walker, occupy a position in which they can defeat the collection of the amount due in the deed of trust, or any portion of the same.

If, in the sale made by Walker to Sturges, the amount of the deed of trust was deducted from the consideration to be paid for the land, then neither he, nor those for whose benefit the conveyance was made, can question the validity of the debt. *Comstock* v. *Hitt,* 37 Ill. 546.

Even if the note in question was accommodation paper, when Walker, the maker of the note and deed of trust, conveyed the premises, if he saw proper to treat the note as a valid indebtedness, and provided in the sale of the premises that the deed of trust should stand as a lien thereon to secure the payment of the debt, his grantees are in no position to defeat the lien created by the trust deed.

The consideration named in the deed of conveyance is $103,000. Samuel J. Walker, who negotiated the transfer of the property, testified that was the true consideration upon which the conveyance was made; that the property was conveyed to Sturges in liquidation of debts held against him; that the original understanding was to return paper to the whole amount, including the $25,000.

Then, too, at the time the conveyance was made, Sturges' Sons gave a receipt showing a cancellation of $78,000 of the indebtedness of S. J. Walker, which was as follows:

"Received, Chicago, Ill., April 28, 1868, of H. H. Walker, $78,000, on account of paper, or notes and acceptances of Hinman, Hobart & Co., held by or given to Sturges & Co., or S. Sturges' Sons, which amount of notes and acceptances we agree to deliver to said H. H. Walker. A portion of the above amount may be the notes or acceptances of J. Lewis Lee, or J. Lewis Lee & Co. The above named paper, or notes and acceptances, being given to take up, or in renewal of, notes and acceptances of McAlpin, Hinman & Co., or B. P. Hinman, given originally to us by Samuel J. Walker.

"S. STURGES' SONS."

This receipt accounts for $78,000 of the consideration of $103,000, leaving $25,000, the amount of the trust deed.

It is not pretended that Sturges ever canceled or surrendered any other of Walker's indebtedness, or in any manner paid the remaining consideration for which the conveyance was made.

The manner in which the business was transacted would seem to indicate that the amount of the deed of trust was deducted from the consideration, and the premises conveyed subject to the lien of the trust deed.  If such was the case, Sturges and Barker & Haskell can not now be heard to say that the lien of the trust deed shall not be enforced for the full amount which they conceded to be due thereon at the time they obtained the conveyance.

It is true, Sturges gives a different version of the transaction. He says Walker was to pay off the trust deed, and he loaned him his note for $25,000 for that purpose, which Walker was to protect; but, even on this theory, the conveyance was made on the hypothesis that the premises were incumbered to the amount of $25,000, which was a prior and subsisting lien.

If, therefore, the conveyance was made on the assumption that the full amount of the trust deed was a valid lien on the premises, and was so treated by the vendor and vendee, we perceive no valid objection that the grantees can now urge to defeat the enforcement of that lien.

The fact that Samuel J. Walker agreed to have the deed of trust canceled, can not affect the obligation of Henry H. Walker or the rights of the holders of the deed of trust.

We are, therefore, of opinion that the bank has the clear right to hold the entire amount of the note secured by the deed of trust, and subject the premises to sale for the satisfaction of the same.

This view of the case renders a consideration of the question of former adjudication unnecessary.  The decree, however, rendered by the court is too large, the interest not having been computed in the manner required by law.   Interest was computed on the note from its date until due, and added to the principal, and upon this amount interest was cast to the date

of the decree. This mode of computation was unauthorized. No payments having been made upon the note, the interest should have been computed from the date of the note until the rendition of the decree, and added to the principal, and a decree rendered for that amount. It was expressly decided by this court, in *Admr. of Leonard* v. *Villars,* 23 Ill. 377, that it was error to compute interest upon interest. The rule there announced must control here.

The decree will be reversed, and the cause remanded, with directions to the circuit court to render a decree in favor of complainant for the amount of the note and interest, the interest to be computed as indicated herein.

*Decree reversed.*