82   205
120   461
82   205
30a   491

82   205
115a  ²495

## EDWARD M. WEST *et al.*

*v.*

## THE MADISON COUNTY AGRICULTURAL BOARD.

1. CORPORATIONS—*when estopped to deny their own power.* Corporations will not be permitted to exercise powers that might be hurtful to the public interests, beyond those expressly conferred by their charters; but when a corporation has exercised powers germane and incidental to those conferred, and in furtherance of the general objects of the corporation, although the subject of the contract may not be within any definite power given, it will be estopped from denying it had authority to make such contract.

2. SAME—*power to mortgage incident to power to purchase and hold real estate.* Where the law under which a corporation is organized authorizes it to contract and be contracted with, and to purchase, hold and sell prop-

erty, the power to mortgage its real estate, to secure money for the purposes of its organization, will be regarded as a necessary incident to the power to acquire and hold it.

3. MISTAKE—*in deed of corporation, will be corrected in equity.* Where the officers of a corporation, duly authorized to execute a deed of trust upon its property, undertake to do so, but execute it in their name for the corporation, instead of in the name of the corporation, equity has power to and will reform the deed, and make it conform to the agreement of the parties.

APPEAL from the Circuit Court of Madison county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. KROME & HADLEY, and Mr. JOHN G. IRWIN, for the appellants.

Messrs. DAVIS & GILLESPIE, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The Madison County Agricultural Board is a corporation existing under the laws of this State, and is the owner of grounds upon which it held annual exhibitions. Under a resolution of the board, unanimously adopted by the directors at a meeting called for that purpose, the treasurer of the board was authorized to borrow an amount of money, not exceeding $2000, to be secured by trust deed upon the "fair grounds," for the purpose of building a new exhibition hall and reconstructing the amphitheater on its grounds. In pursuance of that resolution, the treasurer and president of the board borrowed of Edward M. West the sum of $2000, and, acting on behalf of the board, they undertook to execute to him a trust deed on the fair grounds owned by the corporation, to secure the money so borrowed; but the trust deed was executed in the names of the president and treasurer, on behalf of the board, and not in the name of the corporation. This bill is to correct that informality in the execution of the deed of trust, to foreclose the same, and, in default of payment of the sum due complainant, for a sale of the premises, on terms that should be equitable to the parties interested.

Whether the law under which the agricultural board was

incorporated expressly confers authority upon it to execute a deed of trust upon its real estate to secure borrowed money, or not, we think that power is incident to the corporation, and one it may rightfully exercise in furtherance of the objects for which the corporation was created. Authority is given in the general law, under which these agricultural boards are organized in the several counties, by which they may contract and be contracted with, may purchase, hold or sell property, and may sue and be sued. Accordingly, it would seem the power of a corporation to mortgage its real estate might be regarded as a necessary incident to the power to acquire and hold real property. *Aurora Agricultural and Horticultural Society* v. *Paddock*, 80 Ill. 263.

Corporations will not be permitted to exercise powers that might be hurtful to the public interests beyond those expressly conferred by their charters; but where a corporation has exercised powers germane and incidental to those conferred, and in furtherance of the general objects of the corporation, although the subject of the contract may not be within any definite power given, it will be estopped from denying it had authority to make such contract. Good faith to third parties who deal with such corporations, and who may have no accurate knowledge of the extent of their powers under their charters, demands the adoption of this salutary rule. *Chicago Building Society* v. *Crowell*, 65 Ill. 453.

The principle declared is conclusive of the case at bar. The money was borrowed to facilitate the objects of the corporation as declared in the general law, was used for the benefit of its property, and, no doubt, greatly enhanced its value and utility. It was for the promotion of the objects for which the corporation was created, and was therefore within its implied or incidental powers.

Equity possesses full power to reform the deed of trust to make it conform to the agreement of the parties. The deed was executed by the proper officers, for and on behalf of the corporation. In equity, it was the deed of the corporation itself. The demurrer admits these facts. The informality

insisted upon is clearly the mistake of the scrivener. Undoubtedly it was the intention the money borrowed for the use of the corporation should be made a charge upon its real estate. Hence the mistake that was inadvertently made by all the parties should be corrected, that justice may be done.

On its face, the bill shows a clear case for equitable relief, and it was error to sustain the demurrer, for which the decree must be reversed and the cause remanded.

*Decree reversed.*