## George H. Smith

### v.

## Cyrus P. Luse.

*Compound Interest—Former Adjudication.*

1. In an action on a note it is error to compute interest on unpaid interest.
2. In such an action a judgment in a former suit between the parties on the same note is conclusive of all material questions then involved.

[Opinion filed January 16, 1889.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

By deed dated November 3, 1875, appellee conveyed to appellant lot 13 in block 1 of Keeney & Rinn's addition to Evanston, in Cook county, Illinois, subject to an incumbrance of $1,400 then outstanding thereon, represented by a note dated March 28, 1874, payable five years after date, bearing interest at eight per cent. per annum until maturity and ten per cent. thereafter, and to another incumbrance of $1,000. In the deed to appellant there was the following recital, viz: "The party of the second part assumes interest on the above incumbrances from November 3, 1875." The note for $1,400 was secured by trust deed to H. A. Warren, and by virtue of the power to him granted he sold the premises in April, 1878, for $500, to Eleonora Hunt. In March, 1884, Luse brought suit in the Supreme Court for the use of Eleonora Hunt to recover of the appellant the unpaid interest on said note for $1,400, and appellant having appeared in said suit, on April 12, 1884, judgment therein was duly rendered against him for $655.44, which included interest then due which had accrued before and after the maturity of the note. This present suit was brought by Luse, for the use of said Hunt, to recover the interest on said $1,400 note

accruing since April 12, 1884. Judgment was given for the plaintiff, and the defendant appeals.

Messrs. Sawin & Vanderploeg, for appellant.

Mr. Matthew P. Brady, for appellee.

Garnett, P. J. It is admitted by appellee that the judgment appealed from included interest on interest. To compute interest upon interest after its maturity has, by all courts, whether exercising equity or common law jurisdiction, been held to be compound interest, and in violation of law. This question is one that has been frequently presented, and it is believed as uniformly held to be unauthorized. We are not aware of any well considered case which has held that there is an implied legal or moral obligation to pay interest upon unpaid interest after its maturity. Leonard v. Villars, 23 Ill. 377.

A different question arises when the interest is represented by coupons. Harper v. Ely, 70 Ill. 582; Humphreys v. Morton, 100 Ill. 592. All other material questions in the case must be considered as set at rest by the judgment in April, 1884, in favor of appellee and against appellant. Harmon v. Auditor, 123 Ill. 122; Freeman on Judgments, 253.

For the error in computing interest on interest, the judgment is reversed and the cause remanded.

*Reversed and remanded.*