## SIDNEY A. STEVENS ET AL.

### v.

## THOMAS D. CATLIN.

*Negotiable Instruments—Note—Death of One or Two or More Joint Obligors—Remedy of Obligee—Actions and Defenses.*

In case of suits against joint contractors, one of whom is dead, the suit should be against the survivors only, the administrator of the deceased contractor not being a proper party.

[Opinion filed March 4, 1892.]

APPEAL from the Superior Court of Cook County; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for appellants.

Mr. CHARLES E. TOWNE, for appellee.

WATERMAN, P. J. The question presented in this case is whether, in the case of a promissory note signed by four parties, reading, " We promise to pay," upon the death of one

of the joint makers, a joint action can be maintained against the three survivors.    It is contended by appellants that " by operation of law the death of one joint obligor *eo instanti* destroys a joint obligation and a joint recovery can not be sustained."    We have been referred to no authority which sustains the contention of appellants.    The rule as to suits against joint contractors, one of whom is dead, is that the suit should be against the survivors only and that the administrator of the deceased promisor should not be joined.    Ballance v. Samuel, 3 Scam. 380; Powell et al. v. Kettelle, 1 Gilm. 491.

In respect to joint and several contract, the estate of the deceased obligor is not discharged, and his administrator may be sued at law, but he should not be joined with the survivors because the judgment against the survivors is *de bonis propriis*, while against the administrator it is *de bonis testatoris*.    Ballance v. Samuel, *supra*.    The liability to be sued on a joint contract passes on the death of one obligor to the survivors, and adheres on each subsequent death to the remaining survivor or survivors.    Dicey on Parties to Actions, 238.

The reason for not bringing suit against Campbell, the deceased maker, was set forth in the declaration, and in this respect the case differs from Cummings v. The People, 50 Ill. 132.

The action was properly brought and the judgment of the Superior Court will be affirmed.

*Judgment affirmed.*