SIDNEY A. STEVENS *et al.*

*v.*

THOMAS D. CATLIN.

*Filed at Ottawa June 19, 1894.*

PARTIES—*surviving makers of note liable jointly.* Where three or more persons make a note jointly, and one of them dies while the note is unpaid and before suit, a joint liability survives against the remaining makers. Section 3, chapter 76, of the Revised Statutes of 1874, does not apply.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Messrs. G. W. & J. T. KRETZINGER, for the appellants :

Where one maker of a joint note dies, the joint obligation becomes several, and to recover against the administrator of the deceased obligor he must be sued separately. Starr & Curtis' Stat. chap. 76, sec. 3; 1 Parsons on Notes and Bills, 250; *Moore* v. *Rogers,* 19 Ill. 347; *Byers* v. *Nat. Bank of Vincennes,* 85 id. 426.

This rule also forbids the creditor from suing and recovering upon the joint obligation against the surviving obligors. *Alten* v. *Brown,* 14 Bradw. 453; *Cummings* v. *People,* 50 Ill. 133; *People* v. *Harrison,* 82 id. 86; *Curtis* v. *Mansfield,* 11 Cush. 154.

Mr. CHARLES E. TOWNE, for the appellee :

By the laws of this State all joint obligations and covenants are made joint and several. Rev. Stat. chap. 76, sec. 3.

Where a promise is joint and several, distinct remedies may be taken against the promisors until satisfaction is obtained. Where the promise is joint, only, the survivors, only, can be sued at law. *Moore* v. *Rogers,* 19 Ill. 347.

In case of joint contract, if one party die, his executor or administrator is at law discharged, and the survivors,

only, can be sued.   1 Chitty's Pl. 50 ; *Ballance* v. *Samuel*, 3 Scam. 380.

Plaintiff had the right to regard the note sued on as a joint obligation, from which Campbell's executor was discharged, and to sue the survivors.   *Cummings* v. *People*, 50 Ill. 133.

This contract having been made, by statute, joint and several, the executor of Campbell's estate may be sued at law in a separate action, but cannot be sued jointly with the survivors, because one is to be charged *de bonis testatoris*, and the other *de bonis propriis*.   1 Chitty's Pl. 50 ; *Eggleston* v. *Buck*, 31 Ill. 254 ; *Lutz* v. *Schmidt*, 16 Bradw. 477 ; *Conover* v. *Hill*, 76 Ill. 342.

Mr. JUSTICE BAKER delivered the opinion of the Court:

This was an action of assumpsit upon a promissory note, in the Superior Court of Cook county, in which Thomas D. Catlin was plaintiff, and Sidney A. Stevens, Robert H. Tinker and F. G. Tibbits were defendants. The declaration averred that the said note was executed by the said defendants, together with one Benjamin H. Campbell, since deceased.   Summons was duly served on the defendants named, default was entered against the defendant Stevens, and the cause proceeded to trial against the defendants Tinker and Tibbits.   A jury trial having been waived, the cause was submitted to the court, which found the issues for the plaintiff, and rendered judgment in favor of the plaintiff, and against all of the defendants, for $18,169.93 damages.   From that judgment an appeal was taken to the Appellate Court, and from the judgment of affirmance in the Appellate Court the defendants Tinker and Tibbits bring this appeal.

The sole question presented here is, whether or not, Campbell, one of the joint makers of the note, having died, the joint liability survived against the three remaining promisors, and they could be sued jointly on the note.

Under the statute of this State all joint obligations and covenants are made joint and several obligations and covenants. (Rev. Stat. 1874, chap. 76, sec. 3.) A considerable portion of the arguments of counsel is devoted to a consideration of the construction that should be placed upon said statute, but, in our opinion, the statute has no bearing upon the matter here in controversy.

Appellants contend, that by operation of law the death of one joint obligor or promisor *eo instanti* destroys the joint obligation or promise, and a joint recovery cannot be sustained, and that consequently, upon the death of Campbell, the joint liability of the surviving makers of the note ceased, and they could only be sued separately upon their several liabilities. The authorities cited by appellants in this behalf do not sustain their contention. The rule is, that on a joint and several note, bond or obligation executed by more than two persons, one may be sued, or all, but not an intermediate number, but that if one of three or more obligors dies, then a joint suit may be prosecuted against all of the surviving obligors or promisors, and that the personal representative of the deceased obligor or promisor should not be joined, since the same judgment could not be rendered against the surviving obligors or promisors and the executor or administrator of the deceased obligor or promisor. (*Cummings et al.* v. *People, for use, etc.* 50 Ill. 132; 1 Chitty's Pleading, *50; *Ballance* v. *Samuel*, 3 Scam. 380; *Eggleston et al.* v. *Buck*, 31 Ill. 254.) Where, as in the case at bar, there are three or more joint makers of a promissory note, and one of them dies while the note is yet unpaid and before suit brought, a joint liability survives against the remaining makers of the note. (Dicey on Parties to Actions, 238.) The appellants herein were properly joined as co-defendants.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*