[No. 3888.]

DeLong et al. v. Patterson, Receiver of the Colorado Securities Company.

1. Appellate Practice—Judgment must be Based on Record.

In an appellate court a cause must be determined upon the record brought up for review, and the court should not base its decision, in whole or in part, upon facts which, if they exist at all, are outside the record.

2. Appellate Practice—Modifying Judgment—Tender.

It was error for the court of appeals to modify a judgment of the lower court so as to require the plaintiffs to deposit in court a sum of money merely because plaintiffs had tendered the sum to and offered to bring it into court for the benefit of a defendant who made default and who was not a party to the appeal, in the absence of a showing that the defendant, objecting to the judgment, was entitled to have the sum paid to him.

3. Conveyances—Warranties.

Where grantors by warranty deed advanced money to procure patent to the land granted in the name of a third party, in an action by the grantees against the grantors and the patentee to quiet title, the defendants were not entitled to have the money advanced for patent refunded.

*Error to the Court of Appeals.*

Mr. Frank C. Goudy and Mr. J. C. Helm, for plaintiffs in error.

Mr. John R. Smith, for defendant in error.

CHIEF JUSTICE CAMPBELL delivered the opinion of the court.

This action by M. B. DeLong and A. G. Brower, plaintiffs in the trial court, was to quiet the title to real estate. Of the defendants served with process only H. J. Aldrich and the Colorado Securities Company filed answers, the others suffering default. Before the trial, Frank G. Patterson was appointed receiver of the Securities Company, and, as such, was, by stipulation of parties, substituted as defendant in its place. The findings of fact were in favor of the plaintiffs, and a-decree was rendered establishing in them title to the property in controversy.

To this decree a writ of error was sued out of the court of appeals by the receiver, and on final hearing the decree was affirmed on the merits, but modified, or added to, by directing the plaintiffs to pay into court a certain sum of money, which in their complaint they had averred a willingness to do.

Thereupon the defendants in error there sued out the present writ assigning as error that part of the judgment of the court of appeals modifying the decree of the district court. Frank G. Patterson, as receiver (defendant in error here), in his brief asks this court to consider the cause upon its merits, and reverse in its entirety the judgment of the court of appeals.

We are satisfied after an examination of the record, that upon the merits the judgment of the court of appeals is right. The able opinion of Mr. Justice Bissell, reported at page 103 of 11 Colorado Appeals, contains a full statement of the facts, and an elaborate consideration of the questions involved; it shows the grounds upon which the decision rests, and they need not be repeated. The only question for our consideration is whether the modification of the original decree was warranted.

It appears from the allegations of the complaint that William Barth, one of the defendants who was served with process, but suffered default, and who was the conduit for the

title which, as it was claimed, ultimately vested in the securities company, advanced to the state of Colorado,—from which both plaintiffs and the defendant company deraign title—the final payment, and received in his own name the patent; and the plaintiffs aver that before the beginning of the action they tendered to Barth the amount of money which apparently he had advanced, which he refused to accept, and plaintiffs offered to bring into court the amount tendered and deposit the same to be paid to him, or the person lawfully entitled thereto, or so much thereof as the court adjudged to be equitably due from them.

At first blush, it would seem that the plaintiffs, having offered to do equity, as it was their duty to do in bringing the suit, should be required to refund any payment made by some other person in order to secure title. For, if plaintiffs themselves had got the patent in their own name, they would have been compelled to make this payment, and, it having been made by some one else to their advantage, they should reimburse the one who did make it. But upon the facts of the case, as disclosed by the record, we have reached the conclusion that the decree of the district court should not be disturbed.

In an appellate court a cause must be determined upon the record brought up for review, and the court should not base its decision, in whole or in part, upon facts which, if they exist at all, are outside the record. Although served with process, Barth altogether abandoned the case, though a witness at the trial. He made no claim whatever that this payment was made by him, nor did he ask for its return. The complaint does not aver that Barth paid this money out of his own funds, but only that it appears to have been advanced by him at the time he received the patent. There is no claim or showing, either in the answer of Aldrich or the securities company or in the proof, that either has any interest whatever in the amount tendered, or that, in acquiring title, either of them became liable to pay, or, in fact, did pay, to their grantor the amount of the final payment; nor did

either of them, in any way, connect himself or itself with such payment; nor did either acquire the equity which Barth might once have held to the return of this payment.

There is an entire absence from the record of any showing by whom this final payment was, in fact, made; but if, from the facts in the record, any inference in respect to this payment can be drawn, it is that the same, though nominally advanced by Barth, was, in truth, made by the grantors of these plaintiffs; and, if so, in equity it should have been made by them in order to protect the title which they conveyed to the plaintiffs, and which they covenanted to warrant and defend.

However this may be, the receiver of the securities company is the only defendant who excepted to the judgment and prosecuted the writ of error in the court of appeals, and consequently is the only one of the defendants entitled to be heard upon objections to the correctness of the original decree. We do not lay any stress upon his failure to assign error to the omission from that decree of a provision concerning this payment; for, had that been done, his position would still be untenable, as the record does not show that he has any interest in it, and he has no right to urge any objections which do not concern him, but which might have been presented by some other of the defendants affected by it.

In short, we do not think the plaintiffs should be required to deposit in court a fund which none of the parties before it is claiming, merely because in their complaint they offered to produce it for the benefit of some defendant originally in the case who might possibly have shown some title to it but did not, and who is not here complaining that some provision was not made in the decree concerning it. We can readily understand why Barth and the parties from whom he derived title might not wish to investigate the question as to the source whence came the final payment, for the result of the investigation might, and probably would, be to disclose the bad faith of their dealings to the prejudice of the plaintiffs. It is enough, however, to say at the present time, if

the receiver, who is the only party defendant whose rights this court is called upon to consider, was entitled to this fund, it was his duty in the trial court to have established his right to it. Indeed, upon this record it might well be observed that, in legal contemplation, Barth's grantors, and his grantees, immediate and remote, were, and are, the same persons under different names, and that it was the duty of all of them to protect plaintiffs' title.

There is nothing in *Denver B. & M. Co. v. McAllister,* 6 Colo. 261, inconsistent with our conclusion. There the plaintiff in his complaint had treated an instrument of conveyance in the form of a trust deed as a mortgage, and because he had thus voluntarily conceded and tendered that right, the plaintiff was not thereafter permitted to deny to the defendant the right of redemption which he had under a mortgage but not under a trust deed. There is no occasion here for enforcing the doctrine of that case, not only because of the absence of a defendant who has any interest in it, but the facts of the case do not require it.

The judgment of the court of appeals is therefore affirmed as to the merits, and modified only in this that its order requiring the plaintiffs to deposit the fund in question in court is vacated and set aside.

*Modified and affirmed.*