## Nils Arneson v. Elizabeth B. Haldane.

1.  EVIDENCE—*Certificates of Redemption   Competent to Show Sums Paid for Redemption   from Tax Sales.*—Certificates of redemption are certificated copies of the record of redemption within the meaning of section 197 of the revenue act, which requires the clerk, when any tract or lot shall be sold, to enter on the record the quantity sold and the name of the purchaser, and upon redemption requires an entry " of the name of the person redeeming and the date and amount of redemption in the proper column," and Sec. 212, which provides that the books and records belonging to the office of the county clerk, " or copies thereof certified by said clerk, shall be deemed *prima facie* evidence to prove the sale of any land or lot for taxes or special assessments, the redemption of the same or payment of taxes or special assessments thereon."

2.  INTEREST—*Allowed on Mortgage Note by Decree of Foreclosure.*— The mortgagee, upon foreclosure, is entitled to interest on the mortgage note at the contract rate from the date of the note until the rendition of the decree of foreclosure.

**Bill to Foreclose.**—Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge presiding.   Heard in the Branch Appellate Court at the October term, 1901.   Affirmed.   Opinion filed January 30, 1903.

This is an appeal from a decree of foreclosure upon three mortgages, given by appellant herein and one Thore Tollakson, now deceased.   Each separate mortgage secured a promissory note for $6,000, each note bearing interest respectively at five per cent per annum, executed by the

same parties. Before default had occurred upon the notes, or any of them, the mortgagors sold and conveyed the land covered by the said mortgages to one Carson, who assumed and agreed to pay the notes secured thereon. Afterward, one of the makers of the notes, the said Thore Tollakson, died. A third portion of the indebtedness has been paid, and a corresponding portion of the land was released from the lien of the mortgagees. Default having been made in payment of the remaining debt and interest, appellee filed her bill to foreclose and obtained a decree from which this appeal is prosecuted.

DENEEN & HAMILL, attorneys for appellant.

RUNNELLS & BURRY, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It is first urged that error was committed in allowing appellee certain sums paid for redemption from tax sales, because, as it is claimed, there was no competent evidence of such payments. The proof complained of was made by the introduction of certificates of deposit for redemption made by the county clerk, which, it is urged, are not made evidence by any statutory provision and were not admissible.

We are referred to sections 163, 197, 210 and 212, Chap. 120 R. S., the revenue act, which, taken together, it is claimed by appellee's counsel justify the introduction of the certificates of redemption in evidence. We concur in this view. Section 197 requires the clerk, when any tract or lot shall be sold, to enter on the record the quantity sold and the name of the purchaser, and upon redemption requires an entry " of the name of the person redeeming and the date and amount of redemption in the proper column." Section 212 provides that the books and records belonging to the office of the county clerk " or copies thereof certified by said clerk, shall be deemed *prima facie* evidence to prove the sale of any land or lot for taxes or special assessments, the redemption of the same or pay-

ment of taxes or special assessments thereon." In Bush v. Stanley, 122 Ill. 406–419, this precise question is passed upon and it is said : "We think these certificates are, within the meaning of this section, certified copies of the record of redemption."

It is claimed further that the decree includes about $23.30 and interest, more than the certificate states was actually deposited. This amount is made up, however, of the amount allowed by the statute (Sec. 56, Chap. 53, R. S.) to the county clerk for fees for redemption certificate, filing and cancellation, and noting tax sale on collector's warrant, for each tract or lot of land upon each of the certificates in evidence. These, when paid by the person redeeming, are a proper charge, and no reason appears why they should not have been included in the decree.

It is contended that the decree errs in re-stating the account, instead of following the master's report. This contention is based upon section 3, chapter 74 of the Revised Statutes, which provides : "Judgments recovered before any court or magistrate shall draw interest at the rate of five per centum per annum from the date of the same until satisfied. When judgment is entered upon any award, report or verdict, interest shall be computed at the rate aforesaid from the time when made or rendered to the time of rendering judgment upon the same, and made a part of the judgment." The master's report computed interest on the notes to the date of the report. The decree computed interest to its date at the contract rate, this contract rate being seven instead of five per cent, which latter is the amount it is contended should have been charged on the totals in the master's report. This would require resting the account at the date of the master's report, and then computing interest thereafter on the amount found to be due by the master, involving the compounding of interest upon interest. Such method of computation would, we think, without doubt, be improper. Appellee was entitled to interest "from the date of the note until the rendition of the decree." Barker v. Inter-

national Bank, 80 Ill. 96–101. Judgment, however, was not in this respect "entered upon any award, report or verdict," within the meaning of the statutes. The court, instead of entering judgment for the amount found due at the date of the master's report, substituted therefor its own computation of interest to the date of the decree at the contract rate, as it had a right to do. In Goodwin v. Bishop, 145 Ill. 421, it is said: " As interest had accrued after the report was filed, the court had the undoubted right to refer the case to the master to determine the amount then actually due, or the court could, if it saw proper, compute the interest without a reference." The court did so compute interest in the case before us. We are aware that a different conclusion may appear to be stated in Patterson v. Patterson, 89 Ill. App. 406–411. But we do not regard the rule as there stated, as being in conflict with the view we have expressed. In that case the master's report was formally confirmed, and the decree was inconsistent therewith, which is not this case, so far as appears from the record before us. We find, therefore, no error in this respect. If counsel prefer to remit the small amount constituting the difference, they have the privilege of doing so, although we regard the decree as correct.

It is insisted that the decree is erroneous in finding appellant personally liable for any deficiency. It is argued by appellant's attorneys that Carson, who purchased the mortgaged premises from the mortgagors and assumed and agreed to pay the mortgage indebtedness, is primarily liable, and that appellant and Tollakson were in the position of sureties for Carson. More than two years prior to filing the bill in controversy, Tollakson died testate and his will was admitted to probate. The estate was solvent, and it is said that appellee should have presented her claim against that estate within two years, which was not done. The argument is that if appellant is called on to pay any part of the deficiency his right to contribution against Tollakson's estate will be defeated; whereas, it is said, appellant could not himself have maintained a claim on a con-

Arneson v. Haldane.

tingent liability against the estate. Hence, it is contended, the failure of appellee to file her claim in the Probate Court against the estate of Tollakson has released appellant from all liability on the notes.

The true position of appellant and Carson is stated in Fish v. Glover, 154 Ill. 86–91, where, after stating that as between the mortgagor and the grantee of the mortgaged property who assumes the mortgaged debt, the latter becomes the principal debtor, it is said: "But this is only true as between the grantee of the mortgagor assuming the mortgage debt and the mortgagor himself. As between them, the mortgaged property becomes the primary fund. But the mortgagee may treat both as principal debtors and may have a personal decree against both, unless he has consented to accept such grantee of the mortgagor as the principal debtor, and to hold the mortgagor as surety merely." In the case at bar, the liability of appellant and Tollakson was joint and several. The decree provides that in the event of a deficiency "the complainant may apply to this court for decree or decrees against the defendants, Nels Arneson and Oliver M. Carson, who are each personally liable for payment of the amount herein above found due to complainant, and that execution may issue upon such deficiency decree or decrees." It is of course manifest that there is not as yet any such deficiency decree against appellant, and there is no certainty that there ever will be. If no such decree is ever entered—and there will not be if there should be no deficiency—the question whether the failure of appellee to file her claim against the Tollakson estate has forever released and discharged appellant from liability upon the joint and several notes made by Tollakson and appellant will never arise. It might very well, therefore, be treated as of no consequence whether the recital that appellant and Carson are each personally liable is erroneous or not, inasmuch as appellant is not as yet prejudiced thereby. It may be said, however, that if it be assumed that there are no further assets to be hereafter inventoried in which appellant might share to the

extent of any liability to him of that estate, nevertheless the release of the estate arises by operation of law; and as said in Parsons on Contracts (8th Ed., p. 29), "No release by the party injured, or claimant, has the effect of discharging all, although given but to one, unless it be a voluntary release; for if one of two who owe jointly either a debt or compensation for a wrong be discharged by operation of law without the concurrence or consent of the party to whom the debt or compensation is due, he does not thereby lose his right to enforce this claim against those not discharged." See, also, Bishop on Contracts, Sec. 871. The People v. White, 11 Ill. 342–348. This is in accord with principles of equity. In the case before us, it appears that Tollakson died while Carson, the grantee of the equity, was paying the interest, and there was no occasion to suppose that he would not continue to do so and pay the principal as well. The notes did not become due until nearly a year and a half after the death of Tollakson. The liability was joint and several, and it does not appear that appellant himself took any measure to keep alive a claim for a contribution against the estate. As before stated, it was not then and is not now certain that there will be any deficiency." If, however, there should be, appellant could be held primarily liable. Cummings v. The People, 50 Ill. 132. "If one of the joint obligors be dead, it is not necessary to notice him in the declaration, nor need the survivors be declared against as such, but they may be sued as if they alone were primarily liable." See, also, Stevens v. Catlin, 152 Ill. 56.

Finding no error in the record the judgment is affirmed.