STEPHEN R. ROWAN *et al.*, Appellants, *v.* THE PEOPLE, for the use of JOSEPH BOWLES *et al.*, Appellees.

### APPEAL FROM GALLATIN.

After a judgment has been rendered and the court has adjourned, it is too late to cure the error of a jury in making up a verdict, by a remittitur of the excess of damages. And an entry of a credit upon the judgment by a subsequent order of the court, cannot have the same legal effect as a remittitur.

THIS was an action of debt commenced by the appellees in the Gallatin Circuit Court, upon an administrator's bond. A trial was had at December term, 1854, of the Gallatin Circuit Court, and the jury found for the appellees the sum of $4,296.25. A motion for a new trial was made and overruled. The court, thereupon, entered judgment for the amount found by the jury. At the October term, 1856, of the Gallatin Circuit Court, a credit, or remittitur was entered upon this judgment for $2,900.00. The case was transferred to the second grand division, by consent of parties.

S. T. LOGAN and R. S. NELSON, for Appellants.

W. THOMAS and JNO. OLNEY, for Appellees.

CATON, J. At the December term, 1854, the plaintiffs below recovered a verdict in this cause for $4,269.25, on which a judgment was rendered in proper form. At the October term, 1856, after this writ of error was sued out, the plaintiffs again appeared in the circuit court and represented to that court, that the jury, in fixing the amount of the plaintiffs' damages, which, by their verdict they had reported to the court, had committed an error to the amount of $2,900, by which amount their verdict was too much, and asked the court to credit the judgment by that amount, which was done. This, it is now insisted, cured the error which the court committed in overruling the motion for a new trial and in rendering judgment for the full amount of the verdict. After the

judgment was rendered, and had passed beyond the control of the court by its adjournment, it was too late for the plaintiff to cure the error of the jury in making up their verdict by a remittitur of the excess of damages; nor could the subsequent order of the court crediting the judgment with the amount of the excess, have the same legal effect as a remittitur before judgment. *Beatty et al.* v. *Scrivner*, 3 Monroe·R. 138.

The judgment must be reversed and the cause remanded.

*Judgment reversed.*