# CHALTON C. BUCKLES *et al.*

### *v.*

# THE NORTHERN BANK OF KENTUCKY.

1. REMITTITUR OF EXCESS. After a judgment is rendered and has passed beyond the control of the court, by its adjournment, it is too late to cure an error in the judgment by a *remittitur* of an excess of damages.

2. TERM TIME—*judicial notice.* The regular terms of circuit courts being fixed by law, judicial notice will be taken thereof in ascertaining whether an act be done in term time or vacation.

3. FAILURE OF CONSIDERATION. A purchaser of land, receiving a deed with covenants of title, and giving his promissory notes therefor, can not avoid their payment on the ground that the vendor had no title, the possession of the vendee having remained undisturbed, and the paramount title not having been asserted.

APPEAL from the Circuit Court of Logan county; the Hon. THOMAS F. TIPTON, Judge, presiding.

Mr. S. A. FOLEY, for the appellants.

Mr. A. ORENDORFF, for the appellee.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

This was a suit upon a promissory note made by the defendants, payable to the order of Clay & Bedford, and assigned to the plaintiff, upon which a judgment was recovered against the defendants, on the 20th day of April, 1871, at the April term of the Logan county circuit court, for the sum of $8586.14 and costs of suit.

The judgment was erroneous, in that it was rendered for the full amount of the note and interest, without the deduction, to which the defendants were entitled, of a certain amount of taxes paid by them on the land for which the note was given.

The erroneous excess of the judgment was attempted to be cured by the entry by the plaintiff, on the 5th day of July, 1871, of a *remittitur* of $260.

But after the judgment was rendered and had passed beyond the control of the court, by its adjournment, it was too late to cure the error in the judgment by a *remittitur* of the excess of the damages. *Rowan* v. *The People*, 18 Ill. 159; *Cook* v *Wood*, 24 Ill. 295.

It is answered that there is nothing in the record to show that the 5th day of July, 1871, was not at the same April term, 1871, at which the judgment was rendered.

But the regular terms of the circuit courts of this State are fixed by law, and we take judicial notice that at the time of the rendition of this judgment the regular terms of the Logan county circuit court were fixed by law to be held on the first Mondays in April and October, and that the regular terms of

the DeWitt county circuit court were fixed by law to be held on the first Mondays in May and November, and that both these counties were included in the same judicial circuit; so that the 5th day of July, 1871, could not have been a day of the April term, 1871, of the Logan county circuit court.

It is insisted upon, as a further ground of error, that the defense of a partial failure of the consideration of the note sued on was established, and should have been allowed. The case made in this respect seems, in substance, to be this: In October, 1868, Clay & Bedford sold and conveyed, by a general warranty deed to Chalton C. Buckles, one of the defendants, 926⅔ acres of land in Logan county, at $40 per acre; $30,000 were paid down, and the note in suit, with John Buckles as surety, was given for the residue of the purchase money. A part of this land was 106⅔ acres of land, known as the "Cass" land, to which, it is claimed, Clay & Bedford had no title. In January, 1835, Robert Cast owned 160 acres of land, of which this 106⅔ acres is a part, and conveyed the same by deed to the *bodily heirs of James Cast,* his son. James Cass occupied said premises until his death, in 1857. Afterwards, at the April term, 1864, of the Logan county circuit court, John R. Cass, one of the children of James Cass, filed his bill in chancery against the widow and the other children and grandchildren of James Cass, deceased, for the partition of said premises and the assignment of dower—in the course of which proceeding, 53⅓ acres were assigned to the widow for dower, and the remaining 106⅔ acres were purchased by Clay & Bedford at a master's sale, the land having been found not susceptible of division.

It seems to be supposed that, inasmuch as the bill alleged that James Cass was the owner and died seized in fee simple of the land, and the court found that he died seized of the land, and as the title never was vested in him by the deed of Robert Cast, but in the bodily heirs of James Cast, therefore, the decree was void, and Clay & Bedford acquired no title by their purchase at the master's sale.

There appears to be some confusion of the names "Cast" and "Cass." But we take it that Robert and James Cast are the same persons as Robert and James Cass, and that there is nothing more than a matter of misnomer involved.

We apprehend that Clay & Bedford acquired by their purchase at the partition sale whatever interest the parties to the suit, as tenants in common, held in the land, whether derived by descent from their father, James Cass, or by deed from their grandfather, Robert Cast, and that the misstatement in this respect, in the partition proceedings, of the mode in which their title was derived, did not affect the validity of the purchase.

It was in evidence that James Cass, and those claiming under him, had been in possession of the land for 30 years. For aught that appears, that would make a sufficient title in them.

Besides, it was held in *Vining* v. *Leeman*, 45 Ill. 247, that a purchaser of land, receiving a deed with covenants of title, and giving his promissory notes therefor, could not avoid their payment on the ground that the vendor had no title— the possession of the vendee having been undisturbed and the paramount title not having been asserted.

Such is the state of facts in this case, with the additional fact that Buckles tendered back to Clay & Bedford a quit-claim deed of the 106⅔ acres.

We think the plea of the partial failure of the consideration of the note was not sustained.

For the error above indicated, as respects the amount of the judgment, it is reversed and the cause remanded.

*Judgment reversed.*