## William Fountain v. S. Arthur Walther et al.

66    529
104   ²159

1. PARTIES— *Widow and Children of a Deceased Mortgagee Entitled to Relief in Equity.*—Where the mortgagee in a prior mortgage is dead and the administration of his estate closed, the presumption is that his widow and children were the equitable owners of the choses in action

left by him and uncollected, and there being no legal owners they are entitled to relief in equity.

2. DECREES—*Personal and Alternative.*—A decree of foreclosure which provides that the defendant pay the amount found due, followed by a provision that if such payment is not made a sale is to be made, is an alternative decree.

3. APPELLATE COURT PRACTICE—*What Questions Can Not be Reviewed.*—When there is no evidence upon the question of the reasonableness of a solicitor's fee in the record, the Appellate Court can not review the correctness of the finding of the master below upon that question.

4. INSOLVENCY—*What is Prima Facie Evidence of.*—The return of an execution unsatisfied after demand, and inability of the sheriff to find property, is *prima facie* evidence of insolvency.

5. RENTS AND PROFITS—*Insolvent Mortgagor—Receiver.*—Where rents and profits are mortgaged and the mortgagor is insolvent, the mortgagee is entitled, upon a deficiency decree, to a receiver of such rents and profits while the time for statutory redemption is running.

**Foreclosure.**—Error to the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed November 5, 1896.

STIRLEN & KING, attorneys for plaintiff in error.

P. McHUGH and ALDRICH, REED, FOSTER & ALLEN, attorneys for defendants in error.

It has been expressly decided that after administration, distribution and discharge of administrator, the heirs may foreclose a mortgage which belonged to decedent. Manly v. Kidd, 33 Miss. 141; Moody v. Harper, 38 Miss. 599; Hill v. Boyland, 40 Miss. 618; Stanley v. Mather, 31 F. R. 860; Walter v. Wala, 10 Neb. 123; Babbitt v. Bowen, 32 Vt. 437; McIvor v. Cherry, 8 Humph. 713.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

This was a bill filed by Walther, trustee, in a deed of trust in the nature of a mortgage given by plaintiff in error and his wife, to secure the payment of fifteen promissory notes, of which four were due and unpaid when the bill was filed.

A cross-bill was filed by the widow and children of another William Fountain, of Indiana, who was dead, and whose estate had been fully administered, and the adminis-

tratrix discharged in the Circuit Court of the county of his domicile in Indiana, to foreclose a prior mortgage made by the plaintiff in error and his wife to the Indiana William Fountain, upon which the decree found that $6,413.37 was due. That mortgage provided for reasonable solicitor's fee, which the court fixed at $500.

After a sale, from the proceeds of which the mortgage to the Indiana Fountain was paid, there was a deficiency on the trust deed to Walther of $236.27, and the court appointed a receiver of the rents and profits of the mortgaged premises, except the part occupied by the plaintiff in error as a residence.

To do justice to the plaintiff in error, we quote his brief:

" A sale of the mortgaged premises was had, the proceeds of which were insufficient to satisfy both decrees, to the amount of $236.27, for which a deficiency decree was rendered in favor of complainant in the original bill and against plaintiff in error, and a receiver appointed of his equity of redemption. Thus he has been shorn, one by one, of all his rights secured to him by a humane and beneficent system of jurisprudence, except the right to sue out a writ of error, which he is now seeking to exercise, for the purpose of reversing the decree and the order appointing a receiver. The points relied upon for reversal are as follows :

First. The cross-bill can not be maintained by the heirs of the mortgagee; his personal representative or a purchaser therefrom is the only person who can maintain such a bill.

Second. The Circuit Court rendered a personal decree against the plaintiff in error in favor of complainants in the original and cross-bill, before a sale of the mortgaged premises took place, which it had no authority to do.

Fourth. No solicitor's fee should have been allowed to the cross-complainants, and there is no evidence whatever that $500 is a reasonable fee, or any evidence of what a reasonable fee for cross-complainant would be.

Fifth. There is no evidence or finding in the record to justify the appointment of a receiver of the equity of redemption, and such appointment is improper."

First. The mortgagee in the earliest mortgage being dead, and the administration of his estate closed, the presumption is that his widow and children were the equitable owners of the choses in action left by him and uncollected. Lewis v. Lyons, 13 Ill. 117.

Being equitable owners, and no legal owner being in existence, there is no reason why they may not have relief in equity.

Second. The form of the decree that the plaintiff in error " is hereby decreed to pay " the sums found due, is followed by, " if defendants do not pay," a sale is to take place. Such decrees are construed, not as personal, but alternative only. Arentz v. Reilly, Appellate Court, 1st Dist. opinion filed November 5, 1896; citing Kirby v. Runals, 140 Ill. 289.

There is no third point. The brief skips that number.

Fourth. The mortgage provided for a fee, and the master reported that $500 was reasonable.

The question is not brought before us in such a manner that we can review his finding—of the correctness of which, however, we have no doubt.

Fifth. The deficiency was ascertained, a decree entered for it, execution issued upon the decree and returned unsatisfied, after demand and inability of the sheriff to find property. This was *prima facie* evidence of insolvency by the plaintiff in error.

The deed to Walther released " all right to retain possession * * * after any default in payment," and granted to him authority to " collect and receive all rents, issues and profits." Haas v. Chicago Bldg. Soc., 89 Ill. 498, cited by plaintiff in error, is against him.

The decree is affirmed.