**Rudolph Brand, Mary Keller, and Peter Van Vlissingen, Trustee, v. Albert H. Kleinecke, Ella Kleinecke, William H. Carnright, Charles E. Cruikshank, Fred H. Atwood, William Heinemann, Trustees, and Charles R. Stave.**

1. Records—*What is Not a Part of.*—Where notices and affidavits, no part of a bill or any pleading, are copied into the transcript of the record by the clerk, there being nothing in the record to show that they were ever called to the attention of or considered by the court, they constitute no part of the record and will be disregarded.

2. EQUITY PRACTICE—*Motion to Dismiss Bill upon a Tender of Amount Due.*—A motion to dismiss the bill for foreclosure upon the tender of the amount due and its payment into court, amounts to a demurrer to the bill, admitting all facts well pleaded in the bill, and also to an admission by the defendants that there is due to the holder of the notes and deed the amount tendered.

3. SAME—*Decree, Must be Sustained by the Record.*—Where there is no evidence preserved to sustain the decree, it must be reversed.

4. TENDER—*In Foreclosure Suits.*—If the defendants desire to make payment of the amount due, so as to avoid further cost and expense, they should offer to pay all amounts due under the conditions of the mortgage and (if so provided) a reasonable solicitor's fee for the service already performed.

**Bill to Foreclose a Trust Deed.**—Trial in the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Hearing and bill dismissed upon the deposit of a tender, etc. Error by complainant. Heard in this court at the March term, 1898. Reversed and remanded. Opinion filed July 21, 1898.

### STATEMENT OF FACTS.

Plaintiffs in error Brand and Van Vlissingen filed their bill in the Circuit Court of Cook County September 18, 1897, to foreclose a trust deed given February 1, 1894, by defendants in error Albert H. and Ella Kleinecke, on certain real estate in Cook county, to said Van Vlissingen, as trustee, to secure their principal note of $4,000, due in five years from that date, bearing interest at the rate of six per cent per annum, payable semi-annually, and evidenced by ten interest coupons of $120 each. The bill alleges, among other things not necessary to consider, that prior to September 2, 1896, Brand was and still is the legal owner and holder of said notes and trust deed; that on that day he received $1,957.76, the proceeds of insurance upon buildings upon said premises, and indorsed that amount on the principal note, thereby reducing the principal indebtedness to $2,042.24, and each coupon proportionately from $120 to $61.26; that the first six coupons have been paid and canceled, but the coupon due August 1, 1897, remains wholly unpaid, and $61.26 is due thereon; that the principal note and trust deed provide that on default in making any payment of interest for thirty days the principal shall, at the

election of the legal holder, become immediately due, such election to be made at any time after said period of thirty days without notice; that by reason of default in the payment of said coupon due August 1, 1897, for more than thirty days, said Brand has elected to declare, and has declared, and hereby does declare said principal sum of $2,042.24, and the principal note evidencing the same at once due and payable; that said trust deed provides that in case of default or breach of covenant, the trustee, in his own name or otherwise, may file a bill to foreclose the same, and thereupon there should be due ten per cent on the amount of principal and interest for solicitor's fees, which sum was made so much additional indebtedness secured by the trust deed; and that under the terms of said trust deed it became necessary to expend and said trustee had expended, $8.50 of title, and $81 for costs and attorney's fees for abstract of counsel, employed by him in a condemnation proceeding, in order to protect the interests of the holder of said indebtedness secured by the trust deed.

The bill has the usual prayer for process, answer, accounting, and for foreclosure and sale in default of payment of amount found due, and has attached thereto, as exhibits, copies of the principal note, coupons and trust deed.   Service of summons was had on all the defendants, and afterward, on September 29, 1897, the bill was amended by joining Mary Keller as a co-complainant, alleging that about July 2, 1897, said Keller, by agreement with Brand, became the beneficial owner of said principal note, coupons and trust deed, though they still remain in the hands of Brand, were never delivered to said Kellar, and said Brand continued to be and still is the legal holder of the same, and also modified the prayer of the bill by asking a personal decree in favor of Keller instead of Brand.

October 4, 1897, upon motion of the Kleineckes, it appearing to the court they had deposited with the clerk of the court the sum of $61.88, the court ordered that the bill be dismissed at complainants' costs, and that execution issue for the same.

October 8, 1897, complainants moved to vacate the order

dismissing the bill, which was overruled December 6, 1897. To reverse this action of the chancellor this writ of error is prosecuted.

WILLIAM W. CASE, attorney for plaintiffs in error.

M. SALOMON, attorney for defendants in error A. H. and E. Kleinecke.

MR. PRESIDING JUSTICE WINDES delivered the opinion of the court.

There is no certificate of evidence, and nothing in the record outside the bill and amendment, to show on what the chancellor based his action in dismissing the bill, or in refusing to set aside such order of dismissal. Certain notices and affidavits, no part of the bill or any pleadings, are copied into the transcript of the record by the clerk, but there being nothing in the record to show that they were ever called to the attention of, or considered by the court, they constitute no part of the record and must be disregarded. Ames v. Stockhoff, 73 Ill. App. 427, and cases cited.

The motion to dismiss the bill upon the tender of $61.88 and its payment into court, amounts, in the first place, to a demurrer to the bill, admitting all facts well pleaded in the bill, and, in the second place, to an admission by defendants in error that there was due to the holder of the notes and deed that amount. Vieley v. Thompson, 44 Ill. 9; Hickey v. Stone, 60 Ill. 461; Emerson v. R. R. Co., 75 Ill. 176; Sweetland v. Tuthill, 54 Ill. 215; Monroe v. Chaldeck, 78 Ill. 430; Fuller v. Brown, 167 Ill. 294.

The allegations of the bill show that complainants have rights which are the subject of equitable cognizance, and they are, by the motion to dismiss, admitted to be true, and therefore complainants are entitled to a decree of foreclosure. According to the bill $61.26 for interest was more than thirty days overdue when it was filed, on account of which the legal holder of the note, as he had a right to do under the terms of the principal note and trust deed, had elected to, and had declared the principal note due and pay-

Brand v. Kleinecke.

able. These facts being admitted, it also followed, under the terms of the trust deed, that complainants were entitled, on filing the bill, to ten per cent on the amount due for solicitors' fees.

As stated, the tender of $61.88 by defendants in error was a further admission that this amount was due, and even if this tender could have the effect of obviating the action of the legal holder of the principal note in declaring it due also, still the complainants would be entitled to recover the expenses incurred in protecting their rights in the condemnation proceedings, and at least a reasonable solicitors' fee in this proceeding. It does not appear that any of these latter items were tendered or offered to be paid by defendants in error. In the Fuller case, *supra*, in which all amounts claimed to be due, including costs, except the reasonable solicitors' fee secured by the trust deed, were tendered and deposited with the clerk of the court, it was held that "if the defendants desired to make payment of the amount due, so as to avoid further cost and expense, they should have offered to pay a reasonable solicitors' fee for the services already performed," and a decree of foreclosure was affirmed. This, we think, is decisive of the case at bar on this point.

Moreover, there should be evidence in the record, the bill being sufficient on its face, to support the order or decree of the court dismissing the bill, and in this regard it is incumbent on the party seeking to sustain the action of the court to preserve the evidence in the record. As we have seen, no evidence was preserved to sustain the decree, and it must be reversed. Baird v. Powers, 131 Ill. 67; Ryan v. Sanford, 133 Ill. 298; Jackson v. Sackett, 146 Ill. 655, and cases cited in each.

These considerations make it unnecessary to consider the other matters argued by counsel. The decree is reversed and the cause remanded.