### HENRY C. BARTLING

*v.*

### CHRISTIAN THIELMAN.

*Opinion filed December 18, 1899.*

1. APPEALS AND ERRORS—*to determine proper form of action evidence should be saved by bill of exceptions.* In the absence of a bill of exceptions containing the evidence the Supreme Court cannot sustain an objection that the action should not sound in tort.

2. SAME—*when Supreme Court cannot say that notice of trial should have been given.* The Supreme Court cannot hold there was error in not giving notice of the trial where no rules of the court requiring notice are included in the bill of exceptions.

3. PRACTICE—*correct practice upon filing of remittitur after motion to set aside judgment.* Upon the filing of a *remittitur* after a motion to set aside the judgment the court should first set aside the judgment in accordance with the motion, enter the *remittitur* and give judgment for the sum remaining after allowing the *remittitur,* instead of overruling the motion and entering the new judgment.

*Bartling* v. *Thielman,* 82 Ill. App. 297, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

RALPH RORER CROCKER, RICHARD H. TOWNE, and
SAMUEL B. KING, for appellant.

·MASTERSON & HAFT, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the
court:

Appellee brought an action of trover, under the stat-
ute, to recover for the conversion of the proceeds of the
sale of honey sent to appellant, as a commission mer-
chant, by appellee. There was personal service, and on
October 21, 1896, a default was entered. Subsequently
a motion was entered to set aside the default, which was
overruled, and on the 18th of December, 1896, the cause
was called for trial, a jury was empaneled and a verdict
returned for $1423.60, being double the proceeds of the
amount of honey alleged to be converted, for which a
judgment was entered, with costs. On the next day the
defendant entered a motion to set aside the judgment,
which was ordered continued, and was not passed upon
until the 31st of December, 1897, when the plaintiff ap-
peared and remitted from the judgment all in excess of
the sum of $711, whereupon the court overruled the mo-
tion of the defendant and entered judgment for the sum
of $711. The appellant prosecuted an appeal to the
Branch Appellate Court for the First District, where the
judgment was reversed and the cause remanded, with
direction to set aside the judgment entered December 18,
1896, and enter the *remittitur* in accordance with the mo-
tion of the plaintiff, and then enter judgment for the
amount which would remain after allowing such *remit-
titur*. The amount for which judgment was directed to
be entered by the Branch Appellate Court was $711.80.
From that judgment an appeal is taken to this court.

The errors assigned on the record of the Appellate
Court are, that that court erred in directing the entry of
a judgment in the circuit court for the sum of $711.80,

and in not directing the circuit court to grant a new trial in that court.

The appellant insists the action should not be in tort, and that there can be but one judgment, and the default should have been set aside; also, that notice of the trial should have been given. No bill of exceptions is in the record showing the evidence on which the judgment was based, so that it cannot be held that the action should not sound in tort. We cannot hold there was error in not giving notice of the trial, because no rules of court are included in any bill of exceptions in the cause.

On the motion to set aside the default the affidavit of the appellant, the defendant below, was presented. In that affidavit he stated that he is not indebted to the plaintiff more than $711.80, which is less than the amount for which judgment was proposed to be taken. Under the *remittitur* as entered, and as held by the Appellate Court, the judgment entered on December 18, 1896, should have been first set aside and a *remittitur* entered, and that followed by a judgment for such sum as would remain after allowing such *remittitur*. That practice is in strict accordance with what was held by this court in *Buckles* v. *Northern Bank of Kentucky*, 63 Ill. 268. The Appellate Court ordered a judgment for no more than the amount admitted to be due by the defendant, the appellant. The Appellate Court therefore did not err in holding there was no error in overruling the motion to set aside the default.

The manner of entering the judgments and the *remittitur* was informal to an extent that required a reversal, as held in *Buckles* v. *Bank, supra,* for the purpose of correcting the judgment to accord with the facts.

The judgment of the Branch Appellate Court for the First District is affirmed.                    *Judgment affirmed.*