## Clara W. Patterson et al. v. Harry C. Patterson et al.

1. DEFICIENCY DECREES—*When Proper.*—In foreclosure proceedings whether there will be a deficiency can not be known until after a sale, and until then there can be no final decree for a deficiency.

2. EQUITY PRACTICE—*By Whom Advantage of Error Can Not Be Taken.*—In chancery proceedings, parties who are in no way prejudiced by an error are not in a position to take advantage of it, and as to them such error becomes error without prejudice, and is no ground for reversal.

Patterson v. Patterson.

**Foreclosure.**—Appeal from the Superior Court of Cook County; the Hon. Theodore Brentano, Judge, presiding.   Heard in this court at the October term, 1899.   Affirmed in part, reversed in part and remanded.   Opinion filed June 14, 1900.

**Statement.**—Harry C. Patterson, as successor in trust of Frederick W. Packard, Caroline D. and James R. Ely and Mary E. Miller, filed a bill against Clara W. Patterson and Thomas E. Patterson, the appellants, and others, to foreclose a trust deed executed by Daniel C. McBain to Frederick W. Packard, to secure the payment of two promissory notes of date December 10, 1885, for the sum of $5,000, and due in five years after date, with interest at the rate of six and a half per cent per annum until maturity, and eight per cent per annum thereafter, the interest evidenced by coupon notes.   The notes were payable to the order of McBain and were by him indorsed.   They were owned by Caroline D. Ely, James R. Ely and Mary E. Miller.   The bill alleges that the premises are described in the trust deed as follows:   " An undivided one-third part of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$ and the N. E. fractional quarter south of the Calumet river, all in Section 2, T. 36 N., R. 14 E. of the 3rd P. M., except the east 10 chains of said N. W. $\frac{1}{4}$ of the N. E. fractional $\frac{1}{4}$, measured on the south line thereof," etc., describing other property; that in drafting the trust deed a mistake was made in the description of the property in omitting the words "north west $\frac{1}{4}$ of " before the words " N. E. fractional $\frac{1}{4}$ south of the Calumet river," by reason of which mistake the said McBain was made to convey more land than he owned, but which description in said deed of trust included the property which he owned, and which he intended to convey, and which is described as follows :   " An undivided $\frac{1}{3}$ part of the N. E. $\frac{1}{4}$ of the N. W. $\frac{1}{4}$, and the N. W. $\frac{1}{4}$ of the N. E. fractional $\frac{1}{4}$, south of the Calumet river," etc.; that the trust deed provided that the trustee or holder of the notes might pay insurance and taxes on the premises in case of the grantor's failure so to do, and add same to the amount to be paid from the proceeds of sale on foreclosure; that the trust deed also provided for

foreclosure in the event of default in payment of the notes, and for an allowance of three per cent on amount of principal, interest and costs as solicitor's fees, and eight per cent interest on moneys advanced for insurance and taxes; that Harry C. Patterson was named as successor in trust and had notified complainant, Thomas E. Patterson, of his inability to act; that the amount due on each principal note is $5,000, with interest at eight per cent per annum from December 10, 1896, $27 for abstract of title, solicitor's fees and other expenses, etc.

The bill was answered by the Chicago & Calumet Terminal Ry. Co., a defendant thereto, alleging an interest in part of the premises by virtue of warranty deeds therefor from Thomas E. and Clara W. Patterson, William H. and Harriet H. Rand and Charles Lawrence, and praying that the premises should be sold in the inverse order of alienation. Thomas E. and Clara W. Patterson also answered. Replications were filed and the cause was referred to a master to take proofs and report. The master's report, dated May 15, 1899, and filed June 12, 1899, finds conveyance from McBain to Thomas E. Patterson, and that Patterson assumed and agreed to pay the notes, and that the notes are owned by the Elys and Mary E. Miller; finds items and amount due " from the defendant, Thomas E. Patterson " to the Elys and Miller as follows :

" Amount of two principal notes for $5,000 each.$10,000 00
Interest thereon December 10, 1896, to date at
    eight per cent........................... 1,944 44
Taxes for 1897 paid August 17, 1898..........  210 29
Interest thereon to date at eight per cent......   12 05
Taxes for 1898 paid May 1, 1899..............  224 50
Interest thereon to date at eight per cent......       69
Paid for continuation of abstract.............   27 00
                                              _____
        Total...............................$12,418 97"

Also the further sum of $350 as solicitor's fees, and that complainants are entitled to a decree, etc. Finds interest of Chicago & Calumet Terminal Ry. Co. in part of the premises, and that such interest is subject to the trust deed. Recommends sale in inverse order of alienation.

May 26, 1899, the master sustained an objection to the allowance of $27 for continuation of abstract, restated the account, making the amount $12,391.97, and in addition, $350 for solicitor's fees. All other objections he overruled. Objections filed before the master were ordered to stand as exceptions in court. The court overruled appellant's exceptions, confirmed the master's report, found $12,449.87 due to the Elys and Miller, complainants, and the further sum of $350 for solicitor's fees, found the interest of the railway company in the premises subject to the rights of complainants, and ordered the property, exclusive of the interest of the railway company, to be first sold. Ordered master to report any deficiency on a sale of the premises.

HOYNE, O'CONNOR & HOYNE, for appellants.

J. H. KREBS, attorney for appellees; LLOYD W. BOWERS, of counsel.

MR. JUSTICE ADAMS delivered the opinion of the court.

The objections of appellants' counsel are, first, that Thomas E. Patterson did not assume the indebtedness secured by the trust deed; second, that the bill does not allege delivery to Patterson of the deed running from McBain to him; third, that there is no proof of the mistake in the description of the premises, as alleged in the bill, notwithstanding which the decree directs sale of the N. W. $\frac{1}{4}$ of the N. E. fractional $\frac{1}{4}$, etc., as if the mistake had been proved, instead of ordering sale of the N. E. fractional $\frac{1}{2}$, etc., as the property is described in the trust deed; fourth, that the decree is excessive.

In making the first and second objections, appellants' counsel assume that the decree is, in substance, a personal decree against appellant Thomas E. Patterson, for a deficiency on a sale of the premises. Counsel argue that the master having found that Patterson assumed the indebtedness secured by the trust deed, and also that the amounts found due by the report were due from Patterson to the

complainants, and the court having confirmed the master's report, the decree is, in substance, against Patterson for a deficiency. This position is untenable. The decree is wholly *in rem.* It is not even a conditional decree for payment of a deficiency, as it might be by virtue of section 16 of the mortgage act. Whether there will be a deficiency can not be known until after the sale, for until after that time there can be no final decree for a deficiency. Bartling v. Thielman, 183 Ill. 88.

There was introduced in evidence a certified copy of a warranty deed from McBain to Thomas E. Patterson, of date December 11, 1885, and recorded the same day, conveying an undivided ⅛ part of the N. E. ¼ of the N. W. ¼ and the N. W. ¼ of the N. E. fractional ¼ south of the Calumet river, etc., which deed contains the following:

"Subject, however, to an incumbrance of ten thousand dollars and the interest thereon, secured to be paid by a certain deed of trust bearing date December 10, 1885, executed by the grantor herein to Frederick W. Packard, as trustee, which incumbrance of ten thousand dollars, and the interest thereon, the said Thomas E. Patterson hereby assumes and agrees to pay, and is a part of the consideration above named," etc.

September 23, 1888, Thomas E. and Clara W. Patterson, by warranty deed of that date, conveyed to the Chicago & Calumet Terminal Railway Co. an undivided ⅛ part of part of the N. ½ of the N. W. ¼ and of the N. W. ¼ of the N. E. ¼ of Sec. 2, Town. 36, etc., describing land conveyed by metes and bounds. The master found, and there is no objection or exception to the finding, that the premises conveyed by Patterson and wife to the railway company are part of the premises in question, and which were conveyed by McBain to Thomas E. Patterson, as above stated. We think this *prima facie* evidence of the delivery to and acceptance by Patterson of the deed from McBain. The decree, in so far as it orders a sale of the property by the description alleged in the bill to be the true description, without proof of the alleged error in drafting the deed, is erroneous. The effect is, that, under the decree, a sale will

be made of less land than that described in the trust deed, of the N. W. ¼ of the N. E. fractional ¼ south of the Calumet river, instead of the N. E. fractional ¼ south, etc., but there being no deficiency decree against appellants, or either of them, and no certainty that there ever will be, we do not think that they are in a position to take advantage of the error. So far they are in no way prejudiced by it, and error, without prejudice to the party complaining, is not ground for reversal.

The decree is for $12,449.87 and $350 as solicitor's fees, while the master's report, filed June 12, 1889, which the court confirmed, found due $12,391.97 and $350 as solicitor's fees. The decree in this respect is erroneous. The decree should be for the amount found due by the master, namely, $12,391.97, with interest thereon in accordance with section 3 of chapter 74 of the statutes, and the further sum of $350 for solicitor's fees. The decree was entered June 12, 1899; the date of the master's report is May 15, 1899. Interest on $12,391 97 from May 15th to June 12th, 1899, twenty-eight days, at the rate of five per cent per annum, is $48.19; $12,391.97 plus $48.19 is $12,440.16, which latter amount is $9.71 less than $12,449.87, the amount of the decree. The decree will be affirmed as to the amount of $12,440.16 due the complainants, Caroline D. Ely, James R. Ely and Mary E. Miller, and the further sum of $350 for solicitor's fees, and will be reversed as to $9.71, included in the amount $12,449.87, and the cause will be remanded for further proceedings in accordance with this opinion. The parties respectively to pay their own costs of this court. Affirmed in part and reversed in part, and cause remanded.