## Anna Kronenberger et al. v. Louis Heinemann.

1. DECREES—*Of Sale of Mortgaged Premises Are Final.*—A decree of sale of mortgaged premises is final, from which an appeal or writ of error can be prosecuted by the defendant in his lifetime, or by his heirs at law after his death.

2. SAME—*Of Foreclosure—Not Decree for Payment of Money.*—The ordinary decree of foreclosure is, as a general rule, declaratory of the mortgage lien, and directs that the amount found due be paid within a given time, or in default thereof, that a sale be made of the mortgaged premises, and it is not a decree for the payment of money within the meaning of the statute.

3. EQUITY—*Death of Party to Suit.*—The effect in equity of the death of a party to a suit is not to abate the suit, as in the case of an action at law, but merely to suspend further proceedings

4. SAME—*Remedy of Heirs of Deceased Party to Suit.*—The proper remedy of the heirs of a deceased party to a suit is by an original bill in the nature of a bill of revivor, and not by petition.

5. CONSTRUCTION OF STATUTES—*Chapter 77, Section 39, R. S., Applies Only to Decrees for the Payment of Money.*—Chapter 77, Sec. 39, R. S., providing that when a person shall die after the rendition of a decree for the payment of money is obtained in a court of record, sale may be made under such decree without reviving the decree against his heirs or legal representatives, provided that no sale shall be made until after the expiration of twelve months from the death of such deceased person, nor shall any sale be had on any such decree until the person in whose favor the decree is sought to be enforced shall give to the executor or administrator, or if there is neither, to the heirs of the deceased, at least three months' notice of the existence of such decree before proceeding to sell, only applies to decrees for the payment of money—that is, to personal decrees against defendants for the payment of money.

**Bill to Foreclose a Trust Deed.**—Error to the Superior Court of Cook County; the Hon. FARLIN Q. BALL, Judge presiding. Heard in this court at the October term, 1901. Affirmed. Opinion filed November 13, 1902.

**Statement by the Court.**—Defendant in error filed his bill against Nicolaus Kronenberger and Anna Kronenberger, his wife, and others, to foreclose a trust deed. The cause proceeded regularly to decree, which was rendered June 7, 1899, and found due to the complainant $1,052.05, which amount the court directed to be paid within three

Kronenberger v. Heinemann.

days, with interest, in default of which the mortgaged premises were ordered to be sold. A sale was made by the master July 6, 1899, at eleven o'clock in the forenoon, to the complainant, for the full amount due, including all costs, and a certificate of sale issued to him. The sale was confirmed July 18, 1899. Said Nicolaus Kronenberger died a few hours before the sale. July 16, 1900, said Anna Kronenberger and two of her daughters filed a verified petition in the Superior Court, which rendered the decree that sets up the foregoing facts; that said Nicolaus Kronenberger was the owner at the time of his death of an undivided one-half of the real estate sold, and left him surviving said petitioners and certain other sons and daughters, all minors, naming them, his only heirs at law, and prayed that the sale be set aside, the certificate canceled and the purchaser restrained from taking a deed and the master from making any deed of the real estate. The chancellor sustained a demurrer to the petition, which it is claimed is erroneous.

ERNST F. HERRMANN and EDWARD M. WINSTON, attorneys for plaintiffs in error.

DERBY & ROTHSCHILD, attorneys for defendant in error.

MR. JUSTICE WINDES delivered the opinion of the court.

The decree of sale was final, from which an appeal or writ of error might have been prosecuted by Nicolaus Kronenberger in his lifetime, or by his heirs at law after his death. Kirby v. Runals, 140 Ill. 289–95; Cotes v. Bennett, 183 Ill. 82–7; Patterson v. Patterson, 89 Ill. App. 406; 1st Starr & Curtis, Ch. 1, Sec. 12 and 24.

No question, however, is made as to the correctness of the decree of sale by plaintiffs in error. Their petition fails to allege but that they knew about the decree at the time it was rendered and of the subsequent proceedings set out in the statement at the times they were had, and they make no offer by their petition to do equity. There is no allegation that the property did not bring at the sale all it was worth.

If the petition of plaintiffs in error was a proper way for them to proceed, in order to set aside the master's sale and subsequent proceedings, we think it clearly insufficient to justify the granting of any relief by the chancellor thereon, for the reason that it fails to show that petitioners are injured or have any equities, and further, that by the death of the principal defendant the effect was not to abate the suit, as in the case of an action at law, but merely to suspend further proceedings.    Story's Eq. Pldgs., Secs. 354 and 366; Mitford & Tyler's Pl. & Pr. in Eq., p. 155; Puterbaugh's Pl. & Pr. Chy. 248.

The sale by the master and its confirmation by the court were not void acts, but merely voidable.

The proper remedy of the heirs of Nicolaus Kronenberger was by an original bill in the nature of a bill of revivor, and not by petition, as was here attempted.    Welch v. Louis, 31 Ill. 446–55.

Even if the plaintiffs in error had proceeded as indicated and made no further showing than by their petition, they would have been entitled to no relief.    Jouitt v. Gaither, 6 T. B. Monroe (Ky.), 251; Whiting v. Bank, etc., 13 Peters, 11–15.

In the last case cited upon a bill of review it was held that a foreclosure sale had after the death of the mortgagor, the decree having been entered during his lifetime, was not error, there having been no revival of the suit against the heirs of the mortgagor.    The court say :

" It is plain that the heirs of Whiting (the mortgagor) can not be entitled to be put in a better predicament than Whiting himself, and no decree in equity ought to be reversed for a matter of mere favor and not of right."

In this case one of the errors relied on was in the sale under the decree entered during Whiting's lifetime.

It is claimed, and this is the principal question raised by plaintiffs in error, that the statute (Ch. 77, Sec. 39) is controlling in this case.    The statute, so far as material, is as follows :

" When a person shall die after the rendition of a * * *

decree for the payment of money is obtained in a court of record * * * sale may be made under such decree without reviving the * * * decree against his heirs or legal representatives. . Provided that no * * * sale shall be made until after the expiration of twelve months from the death of such deceased person. Nor shall any sale be had on any such * * * decree until the person in whose favor the * * * decree is sought to be enforced shall give to the executor or administrator, or if there is neither, to the heirs of the deceased, at least three months' notice of the existence of such * * * decree before * * * proceeding to sell."

We think the statute has no application whatever, but only applies to decrees for the payment of money, that is, to personal decrees against defendants for the payment of money. The ordinary decree of foreclosure is, as a general rule, declaratory of the mortgage lien, and directs that the amount found due be paid within a given time, or in default thereof, that a sale be made of the mortgaged premises. Such was the decree in this case, and it is not a decree for the payment of money within the meaning of the statute. Kirby v. Runals, 140 Ill. 295; Cotes v. Bennett, 183 Ill. 82; Patterson v. Patterson, 89 Ill. App. 406; Fountain v. Walther, 66 Ill. App. 529-32; Arentz et al. v. Reilly, 67 Ill. App. 307.

The statute having no application, the petition of plaintiffs in error failing to show any equitable right on their behalf, and not being according to the proper practice in chancery, we are of opinion that the learned chancellor committed no error in sustaining the demurrer, and the order in that regard is therefore affirmed.

Mr. Presiding Justice BALL, having heard this case in the court below, took no part in this decision.