## Anna Holdroff v. Ferdinand F. Remlee.

1. ELECTION—*To Declare Principal Note Due for a Breach of Condition—Notice.*—Where a trust deed provides that the legal holder of the indebtedness may, at his option and without notice, declare the principal note due and payable for a breach of any of its conditions, the filing of a bill to foreclose the trust deed is a sufficient declaration of the option to declare the principal note due, and no formal declaration to that effect is necessary.

2. CHANCERY PRACTICE—*Objection to Master's Report Must be Specific.*—Objections and exceptions to a master's report must be specific in order to avail an appealing party in a court of review.

Bill to Foreclose a Trust Deed.—Appeal from the Superior Court of Cook County; the Hon. ARTHUR H. CHETLAIN, Judge presiding. Heard in this court at the March term, 1902. Affirmed. Opinion filed February 9, 1903.

JOHN C. WILSON, attorney for appellant.

KOEHLER & WILDER, attorneys for appellee.

MR. JUSTICE WINDES delivered the opinion of the court.

Appellee filed his bill June 12, 1901, to foreclose a trust deed securing a principal note of $2,600 made by appellant, dated January 26, 1899, payable to appellee three years after its date, with interest at six per cent per annum, payable half-yearly until its maturity on January 26th and July 26th, each year, and seven per cent per annum after maturity, the interest installments being evidenced by six interest notes of $78 each, which respectively bear interest at seven per cent per annum after their maturity. The trust deed, among other things, provides that on a breach of any of its conditions, the whole of the indebtedness, including principal and all earned interest, should become immediately due and payable, at the option of the legal holder thereof, without notice. The bill alleges that appellee, at the filing of the bill, was the legal owner and holder of the principal note, trust deed and an unpaid interest note on said principal note, which is marked "Exhibit C," and is attached to the bill. This interest note is for $78 and matures January 26, 1901. The bill also alleges that there is due to appellee the amount of the principal note with interest thereon at seven per cent per annum from January 26, 1901.

Appellant answered the bill, the cause was referred to a master, who took evidence and reported to the court, finding due to appellee, including solicitor's fees of $250, $3,044.80. On a hearing of exceptions to the report by the chancellor, the solicitor's fees were reduced to $150, and in all other respects the report was approved and a decree of sale entered.

It is claimed by appellant that the bill alleges no default nor election by the legal holder of the indebtedness to declare the principal note due and payable, and therefore it was error for the court to enter the decree it did.

The allegation, as is stated above, shows there was an unpaid interest note due January 26, 1901, of which appellee was the legal owner and holder. This note, which is attached to the bill was, when the bill was filed, overdue

Holdroff v. Remlee.

more than four months, and taken in connection with the allegation, sufficiently shows a default.

The trust deed, as we have seen, provides that the legal holder of the indebtedness may, at his option and without notice, declare the principal note due and payable for. a breach of any of its conditions.    One of its conditions was to pay the said interest note at its maturity, which was not done.    The filing of the bill was a sufficient declaration of his option to declare the principal note due, and no formal declaration to that effect was necessary.    Heffron v. Gage, 149 Ill. 190; Brown v. McKay, 151 Ill. 323; Princeton Loan & T. Co. v. Munson, 60 Ill. 371; Cundiff v. Brokaw, 7 Ill. App. 147; 2 Jones on Mortgages, Sec. 1182.

In the section cited from Jones, the author, in speaking of the mortgagee's election to consider the whole debt due, says :  " His proceeding to enforce the mortgage sufficiently shows his election."  This seems reasonable as applied to the case at bar, and is supported by the cases cited.   In the Brown case, *supra*, in which the option to declare the principal sum due was not provided, as in this case, that it should be without notice, the court say :

" The determination on the part of the holder of the notes to file a bill for the foreclosure of the trust deed, for the entire indebtedness, and causing the same to be prepared and filed in pursuance of such determination, was a sufficient election to declare the whole sum due, and to entitle him to maintain his bill."

The facts alleged in the bill, to which we have referred, and which were proved on the hearing, show appellee's right to declare the principal sum due.   The bill alleges that the principal note was due, and it seems useless to have alleged in addition to this and the other facts stated that he elected to declare the principal note due.   Equity will not require a useless thing to be done.

Appellant places special reliance upon the case of Wheeler v. Foster, 82 Ill. App. 153–6, but we think the case is not controlling, and, if it sustains appellant, we think is not supported by authority.   What was averred in the bill

in that case does not appear from the report, and the court decides only "that a party can not aid his pleadings by his proofs," and does not hold expressly that the bringing of suit was not an election to declare the principal sum due.

Moreover, there is no specific objection to the master's report nor exception thereto upon the hearing before the chancellor, which points out the lack of any particular allegation in the bill. The only objection and exception in this regard is : " Said master's report and conclusion are not supported by the allegations of the bill of complaint." It is well settled that objections and exceptions to the master's report must be specific in order to avail an appealing party in a court of review. The objection and exception are too general. Had they been specific, the bill might have been amended.

Appellant claiming no other cause of error in his argument, we are of opinion that the decree of the Superior Court should be and it is affirmed.