Herman Lauterjung, Executor, v. Chicago Title and Trustee Company, Trustee et al., on Appeal of Grace C. Touhy et al., Appellants, v. Chicago Title and Trust Company, Trustee, et al., Appellees.

## Gen. No. 15,105.

1. FORECLOSURE—*when averments of bill sufficient to confer jurisdiction.* If a stipulation in a mortgage or trust deed provides that the whole indebtedness secured may be declared due by the mortgagee or legal holder of the notes upon default in payment of interest or taxes, the stipulation or provision is valid and the filing of a bill to foreclose upon such default is an election to declare the whole indebtedness due, and no notice of such election or other evidence thereof is necessary, in the absence of any provision in the mortgage or trust deed requiring such notice. *Held,* that the facts alleged in the bill in this case and shown by the evidence, show appellee's right to declare the principal sum due.

2. AMENDMENTS AND JEOFAILS—*presumption as to compliance with rules of court.* The rule or rules of the Circuit Court requiring notice to be given of a motion for leave to amend a bill or other pleading not having been introduced in evidence, or incorporated in the certificate of evidence, the Appellate Court cannot take notice of them and must presume that the same were complied with and that the proceedings were regular.

3. MASTERS IN CHANCERY—*effect of failing to file objections.* If no objection or exception to a master's report is made upon which to base an assignment of error, the point covered by such an assignment of error is deemed waived.

4. MASTERS IN CHANCERY—*when allowance of solicitor's fees will not be disturbed.* Notwithstanding the Appellate Court may consider an allowance for solicitor's fees in a foreclosure suit liberal, it will not set aside the same unless it appears to have been manifestly against the evidence.

Foreclosure. Appeal from the Circuit Court of Cook county; the

Hon. Oscar E. Heard, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1908. Affirmed. Opinion filed July 15, 1910.

**Statement by the Court.** On February 27, 1906, appellant, Grace C. Touhy, executed and delivered her promissory note for the principal sum of $4,000, payable to the order of herself five years after date, with interest until maturity at the rate of six per cent. per annum, the interest payable semi-annually on February 27th and August 27th in each year. The several instalments of interest were further evidenced by ten interest notes of the same date as the principal note, and each of the interest notes was signed by Grace C. Touhy and made payable to her order. All the notes were endorsed by Grace C. Touhy and were also endorsed before delivery by S. Rogers Touhy and provided for interest at the rate of seven per cent. after maturity. The notes were all made payable "at such banking house in the City of Chicago, in the State of Illinois, as the holder or holders of the principal note hereinafter mentioned may from time to time in writing appoint, and in default of such appointment, then at the office of William C. Fricke in said City of Chicago." These notes were secured by a trust deed conveying premises in Cook county described in the bill of complaint filed October 9, 1907, by Herman Lauterjung, as executor of the last will of Johanna Knoke, deceased, appellee, against Grace C. Touhy, S. Rogers Touhy, appellants, and others to foreclose the trust deed.

Johanna Knoke, in her lifetime, became the owner of the notes and trust deed. She died on or about June 10, 1907, testate, and by her will named the complainant, appellee, as executor. The complainant qualified as such executor, and was at the time of the filing of the bill the legal holder of the principal and interest notes.

The interest note maturing August 27, 1907, fell due and was not paid. Appellee requested the payment of the note of S. Rogers Touhy, appellant, and at his request agreed to wait until October 1, 1907, and allow the note to remain in

the office of E. R. Haase & Co., who had succeeded to the business of William C. Fricke. Appellants failed to pay the note on October 1 and it remained in the office of E. R. Haase & Co. until October 4, 1907, when appellee took the note from that office, and having upon investigation discovered that the taxes levied on the premises in question for the year 1905 had not been paid and the property had been sold therefor, and that the taxes for 1906 had not been paid, appellee redeemed the premises from the tax sale, and instructed his attorneys to foreclose the trust deed. Thereupon the bill in this case was filed.

The Chicago Title & Trust Company, trustee, and Carl Steinhoff were made defendants in the bill and were defaulted for want of answer. Appellants filed a joint and several answer, and appellee replied thereto. The cause was referred to a master in chancery to take proofs and report the same with his opinion on the law and the evidence. The master took the evidence offered by the parties, and upon consideration of the same reported it to the court, recommending a decree of foreclosure and sale of the property described in the trust deed. This appeal is prosecuted to reverse the decree.

WILLIAM R. CHAMBERLAIN, for appellants.

JOHNSON & MOLTHROP, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

In the very elaborate brief and argument filed on behalf of appellants the fourteen errors assigned on the record are discussed under fifteen different heads or propositions. Manifestly we cannot discuss each proposition separately without extending this opinion beyond all reasonable bounds. We shall discuss only such of the propositions advanced as we deem necessary under the law and the evidence, and briefly state our conclusions upon the material points involved.

In our opinion the averments of the bill as amended are

sufficient to give the court jurisdiction of the subject-matter involved. It has been held that when a stipulation in a mortgage or trust deed provides that the whole indebtedness secured may be declared due by the mortgagee or legal holder of the notes, upon default in payment of interest or taxes, the stipulation or provision is valid; and the filing of a bill to foreclose upon such default is an election to declare the whole indebtedness due, and no notice of such election or other evidence thereof is necessary, in the absence of any provision in the mortgage or trust deed requiring such notice. Brown v. McKay, 151 Ill. 315; Curran v. Houston, 201 id. 442; Holdroff v. Remlee, 105 Ill. App. 671. The facts alleged in the bill and shown by the evidence show appellee's right to declare the principal sum due.

The rule or rules of the Circuit Court requiring notice to be given of a motion for leave to amend a bill or other pleading not having been introduced in evidence, or incorporated in the certificate of evidence, this court cannot take notice of them and must presume that the rules of court were complied with and the proceedings regular. Grubb v. Crane, 4 Scam. 153; Bartling v. Thielman, 183 Ill. 88.

The preponderance of the evidence shows that appellee, after the maturity of the interest note falling due August 27, 1907, agreed to wait for payment thereof until October 1st following, at the request of appellant S. Rogers Touhy, and to leave the note at the office of E. R. Haase & Co. who had succeeded to the business of William C. Fricke, for payment until that date; and that appellee allowed the note to remain in the office of E. R. Haase & Co. until October 4, 1907, on which day, the note not having been paid, he took it from that office and finding that default had also been made in the payment of taxes levied upon the property, directed his solicitor to foreclose. Upon these facts and under the provisions of the trust deed, appellee had a right to foreclose for the full amount of the principal note and interest thereon, and the tender made by appellants was insufficient, and although it was kept good by appellants, it did not amount to a satisfaction of the debt or preclude a declara-

tion of forfeiture, or bar complainant's right to foreclose, or relieve appellants from the costs. Fuller v. Brown, 167 Ill. 293; Sweetland v. Tuthill, 54 id. 215; Brand v. Kleinecke, 77 Ill. App. 269.

The decree provides that the defendants pay the amounts therein specified, being the amount due the complainant for the debt, with interest thereon from January 18, 1908, together with $400 solicitor's fees, $89.25 stenographer's fees, and $252.50 master's fees, and that in default thereof the premises be sold, and that in case any deficiency is shown the complainant shall be entitled to execution against the defendants, S. Rogers Touhy and Grace C. Touhy, for the amount of the deficiency. The second assignment of error is: "The court below erred in further sustaining the fourth finding of the master in chancery, for the reason that no notice of the dishonor of the note offered in evidence was given to either the maker or endorser thereof."

The fourth finding of the master is: "4th. I further find from the evidence that the interest note offered in evidence and marked 'Complainant's Exhibit C 1,' and due August 27, 1907, being for the sum of $120, has not been paid; that the amount due on said interest note is $120, together with interest thereon to January 18, 1908, being for the sum of $3.26."

Upon this assignment of error counsel for appellants argues that "in order to hold an endorser of a negotiable instrument personally liable, where the same is alleged to be endorsed by non-payment, notice of such alleged dishonor must be given said endorser except when such notice is waived either by him or by the instrument itself." Counsel says in his brief that this legal proposition is based on the second assignment of error.

While we think the decree is erroneous in holding the appellant, S. Rogers Touhy, personally liable for the debt on the allegation of the bill and the proof, we do not think the question is properly raised on the assignment of error. The finding of the master is simply to the effect that the interest note has not been paid and the amount due thereon. This

does not involve the question of the personal liability of the endorser. No objection or exception to the master's report was made upon which to base the assignment of error, and the point is therefore waived. Dolese v. McDougall, 182 Ill. 486; Davis v. Upham & Stone, 191 *id.* 372; Whalen v. Stephens, 193 *id.* 121; St. Louis Natl. Stock Yards v. Himrod & Co., 88 *id.* 410; Shaffner v. Appleman, 170 *id.* 281; Cheltenham Imp. Co. v. Whitehead, 128 *id.* 279.

We think the allowance of $400 for solicitor's fees is liberal, and while, as was said in Casler v. Byers, 129 Ill. 657, at page 670 of the opinion, "we might have been better satisfied with the decree if a smaller fee had been fixed therein, yet we cannot say that under the evidence the findings in that behalf were manifestly erroneous," so as to justify a reversal on that ground.

Finding no reversible error in the record, the decree is affirmed.

*Affirmed.*