(No. 13618.—Decree affirmed.)<br>
BEN L. MAYNE, Appellee, <em>vs.</em> JOHN T. DRURY <em>et al.</em><br>
Appellants.

<em>Opinion filed December 21, 1920.</em>

1. JUDICIAL SALES—*a sheriff's deed makes prima facie case of
valid sale.* In a proceeding to set off homestead and confirm a title
in the complainant under his purchase at a sale on execution the
sheriff's deed to complainant is *prima facie* evidence that the pro-
visions of the law relating to the sale were complied with, but it is
necessary to make proof of the judgment upon which the exe-
cution was issued.

2. SAME—*when failure to enter new judgment after remittitur
will not invalidate sale on execution.* Ordinarily, when a *remit-
titur* is entered after judgment, the amount of the *remittitur* should
be deducted and a new judgment entered for the remainder, but
the failure to enter a new judgment is not ground for setting aside
a sale on execution where the *remittitur* is treated as a credit on
the original judgment and the parties stipulate that a former stay
of execution shall be released, that execution may issue on the
judgment and that there shall be no interference with the sale.

3. SAME—*variance from judgment does not necessarily render
execution void.* A variance from the judgment does not render an

execution void if any inference that the judgment mentioned in the execution is not the judgment upon which the writ was issued is met by proof.

4. SAME—*sale made without setting off homestead is not void.* A sale on execution without setting off the homestead is not void, as the court may exercise its equitable powers to adjust the rights of the parties by either setting off the homestead or awarding the amount of the exemption to the judgment debtor.

APPEAL from the Circuit Court of Edwards county; the Hon. CHARLES H. MILLER, Judge, presiding.

HOWARD P. FRENCH, and JOEL C. FITCH, for appellants.

P. C. WALTERS, and ALLEN E. WALKER, for appellee.

Mr. CHIEF JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellee, Ben L. Mayne, filed his bill in the circuit court of Edwards county against the appellants, John T. Drury and Ellis Drury, his tenant, praying the court to assign to John T. Drury a homestead in a tract of land which had been sold by the sheriff of that county under an execution on a judgment in favor of the complainant and against the defendant John T. Drury and several other persons and to confirm the title of the complainant in the residue, or, if the premises could not be divided, to decree payment of $1000 to John T. Drury and declare the title of the complainant to the tract of land. The defendants answered, setting up irregularities in the judgment and the execution, sale, certificate of purchase and deed and denied that the complainant was entitled to any relief. The defendant John T. Drury, after answering, filed a cross-bill asking that the deed, sale and judgment be set aside as a cloud upon his title. The cross-bill was answered and evidence was taken before the master in chancery. Upon a hearing the chancellor dismissed the cross-bill and granted the relief prayed for by the complainant and appointed

commissioners to appraise and set off the homestead. From that decree this appeal was prosecuted.

On December 16, 1913, a judgment by confession was entered in the circuit court of Edwards county against the defendant John T. Drury and a number of other persons for $3300 and costs on a note for $3000, with interest at seven per cent, and which authorized the inclusion in the judgment of ten per cent as attorney's fee. On January 23, 1914, an execution was issued on the judgment. On March 16, 1914, one of the judges of the court made an order in vacation staying further proceedings on the judgment until the further order of the court and directing the clerk to place the cause on the docket of the next term, which would be held in April, 1914. On March 25, 1914, a stipulation was made by the attorneys, from which it appears that there were a large number of suits, including foreclosure, judgments and bills for accounting, and the stipulation related to all of them. By it some judgments were to stand as originally entered,—some were to be released, a *remittitur* of $275 was to be entered upon the judgment here involved, and another suit was not to be contested but judgment was to be entered by default. Execution on all the judgments was to be stayed until the termination of a suit for accounting, unless sooner agreed. At the April term, 1914, the motion which had been made to vacate the judgment was withdrawn and the *remittitur* of $275 was entered as agreed, and an order was made staying execution on the judgment until an accounting was had in the other case. No further order relating to the judgment was entered until the April term, 1916, and the defendants in this case offered in evidence an order at that term dismissing a suit in which Ben L. Mayne appeared to be complainant and George W. Porter and others defendants, and also an order dismissing garnishees. These orders were objected to as having nothing to do with this case, which is quite evident, one of them being a suit in

equity and the other a proceeding against garnishees. On February 17, 1915, the attorneys entered into a stipulation that the stay of executions on judgments, including this one, should be set aside and executions might be issued on the judgments and there should be no interference with sales under the executions. The execution issued under this stipulation was dated February 16, 1915, but was delivered to the sheriff on February 17, 1915. The execution was for $3000 judgment and $305 costs, and it ran against all the defendants. A levy was made on the land in question and the sheriff gave notice as required by law and sold the premises to complainant for $2400. There was no redemption and the sheriff executed a deed to the complainant.

The statute made the sheriff's deed *prima facie* evidence that the provisions of the law relating to the sale had been complied with. (*Fischer* v. *Eslaman,* 68 Ill. 78; *Reed* v. *Ohio and Mississippi Railway Co.* 126 id. 48.) It was necessary to make proof of the judgment upon which the execution was issued, and that was done. The *prima facie* case made by the statute was not overcome and the judgment was in all respects legal and valid. Ordinarily, when a *remittitur* is entered after judgment the amount of the *remittitur* should be deducted and a new judgment entered for the remainder. (*Buckles* v. *Northern Bank of Kentucky,* 63 Ill. 268; *Bartling* v. *Thielman,* 183 id. 88.) In this case, however, the motion to vacate the judgment was withdrawn and the *remittitur* entered, and afterward, on February 17, 1915, it was stipulated that the stay of execution should be released and set aside and that execution might be issued on the judgment and no interference with sales on the executions should be made. This related to the original judgment as entered, and the *remittitur* was evidently intended to, and did, amount to a credit on the judgment. If the failure to enter a new judgment would have required a reversal on appeal or writ of error, it was not ground for setting aside the sale made in pursuance of the stipulation.

There was a variance between the execution and the judgment, the execution being for $3000 while the judgment was for $3300, and after the *remittitur* the balance was $3025; but a variance does not render an execution void if any inference that the judgment mentioned in the execution is not the judgment upon which the writ was issued is met by proof. (*Corbin* v. *Pearce,* 81 Ill. 461; *Railsback* v. *Lovejoy,* 116 id. 442.) In this case there was no doubt or uncertainty as to the judgment upon which the execution was issued and the sale was for very much less than the face of the execution, so that no harm was done.

The sale was made without setting off the homestead, but such a sale is not void, and a court may exercise its equitable powers to adjust the rights of the parties by setting off a homestead or awarding the amount of the homestead exemption to the judgment debtor. *Mix* v. *King,* 55 Ill. 434; *Hotchkiss* v. *Brooks,* 93 id. 386; *Leupold* v. *Krause,* 95 id. 440; *Cutler* v. *Cutler,* 188 id. 285; *Krupp* v. *Brand,* 200 id. 403.

The decree is affirmed.

*Decree affirmed.*